CUMBERLAND SAVINGS & TRUST COMPANY, AS EXECUTOR OF R. B. LUTTERLOH, *Plaintiff in Error,* v. W. W. McGRIFF, *Defendant in Error.*

Where an agent has been employed to procure a purchaser of real estate at a price satisfactory to the owner, for a stated commission, and the agent introduces to the owner a prospective purchaser, who takes an option and allows it to be cancelled, but the agent continues to discuss the matter with the person so introduced who subsequently with a partner purchases the property by negotiations in which the agent took no part, the agent, having introduced and continued to interest the person who with his partner did eventually buy, is entitled to his commission as agreed.

This case was decided by Division A.

Writ of error to the Circuit Court for Leon County.

The facts in the case are stated in the opinion of the court.

*Jos. A. Edmondson,* for Plaintiff in Error;

No appearance for Defendant in Error.

PER CURIAM—W. W. McGriff brought an action against R. B. Lutterloh for compensation for procuring a purchaser of real estate. Judgment was rendered for the plaintiff and the defendant took writ of error. Lutterloh

died and the Trust Company as his executor was made a party plaintiff in error here.

A jury being waived, the case was tried by the court upon an agreed statement of facts in effect that Lutterloh employed McGriff to procure a purchaser for certain real property at a price satisfactory to Lutterloh for a commission of five per cent. The price was at first fixed at $15,000.00 and afterwards reduced. Some time later McGriff began negotiations with J. R. McDaniel for the sale of the property and introduced McDaniel to Lutterloh, who in discussing the matter stated a price of $9000.00, but finally agreed to accept $8,000.00, whereupon Lutterloh gave McDaniel an option to purchase at $8,000.00, within ten days. The option was canceled. Subsequently McGriff continued to discuss the matter with McDaniel from time to time, as also did Lutterloh. Later Herbert Lutterloh, a brother of R. B. Lutterloh discussed the matter with McDaniel and finally the sale was made by Herbert Lutterloh to McDaniel and Phillips for $7,500.00, but McGriff took no part in the negotiations. The court found for the plaintiff and gave judgment for $375.00 and interest.

It is considered that the finding is contrary to law and to the evidence, the argument being that McGriff did not procure a purchaser ready, willing and able to buy upon terms satisfactory to the owner, and that as Herbert Lutterloh made the sale to McDaniel and Phillips when there was no definite proposition to purchase pending between R. B. Lutterloh and McDaniel, and McGriff did not interest Phillips who became a purchaser with McDaniel, McGriff had not procured a purchaser so as to be entitled to the compensation claimed.

It is admitted that McGriff introduced McDaniel to R. B. Lutterloh as a prospective purchaser and that though the first negotiations failed, McGriff continued to keep

McDaniel interested in the property and finally McDaniel with Phillips purchased the property.

This being so McGriff was entitled to his commissions, and there is evidence to support the finding in accordance with law. See Wiggins v. Wilson, 55 Fla., 346, 45 South. Rep., 1011.

The judgment is affirmed.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and COCKRELL, J. J., concur in the opinion.