[No. 1590, December 5, 1913.]

KEINATH, SCHUSTER and HUDSON, a partnership composed of A. C. Keinath, Neal M. Schuster and E. A. Hudson, Appellee, v. J. D. H. REED, Appellant.

SYLLABUS (BY THE COURT)

1. In an action for commissions earned by a broker in effecting an exchange of property of his principal, where the complaint pleaded a written contract of employment of the broker by the principal to make an exchange and a written contract of exchange between the principal and a customer procured by the broker; an answer which alleged (a) that the principal had not accepted the property of the customer; (b) that the principal had not accepted the customer as a proper party with whom to make an exchange other than on the terms of the written contracts entered into by them; (c) that the written contracts of exchange were intended by the parties to be merely stipulations by which an exchange of property might be effected and not a valid, binding and enforceable contract of exchange; (d) that the broker had not done all

he was required to do in order to earn his commissions; (e) that the customer had failed to perform his part of the contract; tendered issues of law and not of fact.

P. 367

2.   Where the answer raises issues of law only, the case is ripe for judgment on the issues of law involved and a motion for judgment on the pleadings is properly entertained.

P. 367

3.   Under an employment to sell or exchange the property of his principal, a broker has fully performed his undertaking when he procures a customer, with whom the principal makes a valid contract of sale or exchange.

P. 367

4.   In an action by a broker for commissions earned by him in effecting an exchange of the property of his principal, where the complaint pleads a valid and enforceable written contract between the principal and a customer procured by the broker, to exchange property, it was not necessary for the complaint to allege that the customer was "in a position and able to convey a perfect title to the property which he proposed to exchange."

P. 368

5.   In such a case the principal by entering into a contract of exchange with the customer produced by the broker, accepted the customer as able, ready and willing to make the exchange.

P. 368

6.   A stipulation that "both parties hereunto have this day deposited in escrow with K., S. & H. this contract and a copy of the original contract, his demand note for $1000.00 as evidence of good faith and as a forfeit in event either party hereto fails or refuses to comply with the terms of the contract as therein provided" held to be a penalty.

P. 369

7.   In an action for a broker's commissions for effecting an exchange of real estate where the complaint states the making of a valid written contract of exchange between the principal and the customer procured by the broker, the complaint need not further state that the customer was able, ready and willing to complete the exchange on the terms of the contract; or that he made any effort to that end; or the refusal of the principal to complete it.

P. 370

8.   In an action based upon a written contract which is admitted by the answer, the intentions of the parties as to what should be the effect of the contract is to be decided by the Court upon an inspection of the contract.

P. 370

9.   An allegation in the answer of what the parties intended or did not intend the contract should effectuate, raises a question of law to be decided by the Court.

P. 370

Appeal from the District Court of Eddy County; John T. McClure, District Judge; affirmed.

J. B. ATKESON, Artesia, N. M., for appellant.

The Court erred in sustaining plaintiff's motion for judgment on the pleadings. Thomas v. Ray, 110 Pac. 48; Idaho Pac. Min. Co. v. Green, 94 Pac. 161; Pac. Mill Co. v. Inman Poulson & Co., 90 Pac. 1099; Town of Mapleton v. Kelly, 117 Pac. 52; Miles v. McCallan, 3 Pac. 610; Johnson v. Manning, 29 Pac. 101.

Court erred in his judgment because the complaint filed herein fails to state facts sufficient to constitute a cause of action. Estee's Pleadings, 177-332; McGavock v. Woodlief, 20 How. 221, 15 L. Ed. 884; Ayers v. Thomas, 47 Pac. 1013; Colburn v. Seymore, 76 Pac. 1058; Howe v. Bratrude, 86 N. W. 747; Moore v. Snow, 23 N. W. 401; Crockett v. Grayson, 36 S. E. 477; Czarnowski v. Holland,

78 Pac. 890; Hildenbrand v. Lillis, 51 Pac. 1008; Gunn v. Bank of California, 33 Pac. 1105; Knock v. Emmerling, 22 How. 69, 16 L. Ed. 292; Plant v. Thompson, 22 Pac. 726; Kyle v. Rippy, 26 Pac. 308; Zittle v. Schleisinger, 65 N. W. 892; Freedman v. Gordon, 35 Pac. 879; Emens v. St. John, 29 N. Y. Sup. 655; Folsom v. Hesse, 53 N. Y. Sup. 783; Grausel v. Dean, 67 N. W. 275.

Court erred in holding that the contract was a valid binding and enforceable contract. Sheperd-Teague Co. v. Hermann, 107 Pac. 622; 31 Cyc. 1509, and foot note authorities; Creussel v. Dean, 67 N. W. 275; Barber and Hilderbrand, 60 N. W. 594; Condict v. Crowdry, 34 N. E. 781.

Where parties enter into an alternative contract, wherein they provide for the measure of damages for the breach thereof, they are bound thereby to the exclusion of any other remedy. Barrett v. Geesinger, 53 N. E. 576; Barker v. Critzer, 11 Pac. 382; Klemschmidt v. Klemschmidt, 24 Pac. 266; Bodine v. Glading, 59 Am. Dec. 749; Smith v. Washington, 154 U. S. 559, 19 L. E. 187; Mallory v. Globe-Boston Cop. Min. Co., 94 Pac. 1116.

Courts make a distinction between classes of contracts. Barnes v. Roberts, 5 Bosw. 73; Kalley v. Baker, 132 N. Y. 1; Lunney v. Healey, 44 L. R. A. 612; 31 Cyc. 1507.

The broker must strictly perform the services required of him, according to the authority conferred upon him. Wilson v. Sturgis, 71 Cal. 226; Neilson v. Lee, 60 Cal. 565; Nesbitt v. Helsor, 49 Mo. 383; Hoyt v. Shepherd, 70 Ill. 309; Hayden v. Grillo, 26 Mo. App. 289.

G. U. McCrary, Artesia, N. M., for appellee.

Court erred in sustaining the plaintiff's motion for judgment on the pleadings. Moses T. Yoder v. Randol, et al., 83 Pac. 537, 3 L. R. A. (N. S.) 576; Felch v. Deaudry, 40 Cal. 439; McMurray v. Gilford, 5 How. Pr. 14; Fargo v. Vincent, 60 N. W. 858; Hemme v. Hayes, 55 Cal. 337; McDonald v. Pincus, 13 Mont. 83; Bowles v. Double, 5 Pac. 918; Wallace v. Beasley, 22 Ore. 572; American Co. v. Bradford, 27 Cal. 367.

Allegations in a pleading denying the legal import of a

written contract, will not be considered by the Court.    12
Enc. Pl. & Pr., 1038, 1039, and cases cited; Board of
Education v. Shaw, 15 Kan. 33.

A pleading which merely denies that the defendant is
indebted to the plaintiff is the statement of a mere legal
conclusion.    Enc. Pl. & Pr., vol. 12, p. 1043, and cases
cited; Knox County Bank v. Lloyd, 18 Ohio St. 353; 12
Enc. Pl. & Pr., p. 1024, and cases cited; Estee's Plead-
Levinson v. Schwartz, 22 Cal. —; Van Schaack v. Winne,
ings, vol. 2, sec. 3172; Hensley v. Tartar, 14 Cal. 508;
16 Barb. 85; Armstrong v. Heide, 94 N. Y. S. 434, 47
Misc. Rep. 609, 9 Cyc. 732, and cases cited; Fox v. Ryan,.
88 N. E. 974, 240 Ill. 391; Watkins Land Mfg. Co. v..
Thetford, 966 S. W. 72; Friestedt v. Dietrich, 84 Ill. App
604; Jenkins v. Hollingsworth, 83 Ill. App. 139; Lun-
ing v. Healey, 76 N. W. 558, 44 L. R. A. 593; Ault v.
Dosher, 92 N. Y. S. 439, 79 N. E. 1100; Pollatschek v.
Goodwin, N. Y. S. 682; Charles v. Phillips, 84 N. Y. S.
867; Hipple v. Lair, 82 Atl. 46; Francis Roche Appt. v.
Nellie A. Smith, 51 L. R. A. 510; Gilder v. Davis, et al.,.
20 L. R. A. 398.

Complaint failed to state facts sufficient to constitute a
cause of action.    Yoder v. Randol, et al., 83 Pac. 537, 3.
L. R. A. (N. S.) 576.

A person undertaking to find a purchaser is required to
do no more than to find a purchaser.    McFarland v. Lil-
lard, 28 N. E. 229, 50 Am. St. R. 234.

Where the seller accepts a proposed purchaser and enters
into a valid contract with him, the broker's commissions
are earned whether the purchaser subsequently fails to
perform his contract.    Friestedt v. Deitrich, 84 Ill. App.
604; Parker v. Estabrook, 44 Atl. 484; Luning v. Healey,.
76 N. W. 558; Stauffer v. Linenthal, 64 N. E. 643; Ault
v. Doscher, 79 N. E. 1100; Springer v. Orr, 82 Ill. App.
558; Charles v. Cook, 84 N. Y. S. 867; Hipple v. Lair, 82
Atl. 46; Seabury v. Fidelity Ins. Co., 54 Atl. 498; Gilder
v. Davis, et al., 20 L. R. A. 398; Roche, Appt., v. Smith,
51 L. R. A. 510; Warde v. Cobb, 148 Mass. 518, 54 N. E.
873; McFarland v. Lillard, 50 Am. St. R. 234; Coleman's

Ex'r v. Meade, 76 Ky. 358; Brackenridge v. Claridge, 42 S. W. 1005; Odell v. Dozier, 30 S. E. 811; Mattes v. Engel, 89 N. W. 651; Flinn v. Jordan, 100 N. W. 326; Watkins Land Mtg. Co. v. Theford, 96 S. W. 72; Fox v. Ryan, 88 N. E. 974; Hamberger & Dreyling' v. Thomas, 118 S. W. 770.

Whether the contract was enforceable was a question for the construction of the Court. Friestedt v. Deitrich, 84 Ill. App. 604; Jenkins v. Hollingsworth, 83 Ill. App. 139.

Appellant pleaded conclusions of law and not statements of fact. Armstrong v. Heide, 94 N. Y. S. 434, 9 Cyc. 732.

There is no averment in the pleading to show that the contract has not been consummated. Mattes v. Engel, 89 N. W. 651.

Broker is entitled to his commission if the purchaser presented by him entered into a valid contract. Friestedt v. Deitrich, 84 Ill. App. 604; Jenkins v. Hollingsworth, 83 Ill. App. 139; Parker v. Estabrooke, 44 Atl. 481.

Vendor may enforce specifically a contract for the purchase of land though it stipulates for a sum as liquidated damages or a penalty on its breach. Moss & Raley v. Wren, 118 S. W. 149; Newton v. Dixon, Moore v. Smith, 116 S. W. 143; Dailey v. Litchfield, 10 Mich. 29; Gordon v. Brown, 39 N. C. 399; Lyman v. Gidney, 114 Ill. 388; Hull v. Sturdivant, 46 Me. 34; Hubbard v. Johnson, 77 Me. 139; Hooker v. Pynehan, 74 Mass. 550; Dike v. Green, 4 R. I. 285; Shuman v. Willetts, 23 N. W. 358; Hunter v. Bales, 24 Ind. 299.

Agreement to deposit demand notes for $1,000 in escrow was a stipulation for liquidated damages and not a penalty. Moyses v. Schendorf, 87 N. E. 401; Gobble v. Linder, 76 Ill. 157; Morse v. Rathburn, 42 Mo. 594, 97 Am. Dec. 359; Harper v. Estabrooke, 44 Atl. 484.

*Appellant's Reply Brief.*

Mallory v. Globe-Boston Cop. Min. Co., 94 Pac. 1156; Yoder v. Randol, 3 L. R. A. (N. S.) 576; Roche v. Smith, 51 L. R. A. 510.

## STATEMENT OF THE CASE.

The appellee, plaintiff below, brought this action to recover the sum of $500.00 as a commission for the sale of certain real estate belonging to the appellant.

The complaint alleges (a) that on or about the 13th day of June, 1912, the defendant was the owner of certain real estate, and that defendant listed said real estate with plaintiff for sale or exchange, by executing a written list contract, a true copy of which is attached to the complaint marked Exhibit "A;" the listing contract recites: "I, J. D. H. Reed, hereby authorize and appoint Keinath, Schuster & Hudson of Artesia, N. M., as my agent to sell or exchange the within described real estate, now owned by me, to-wit: (describing the real estate and prices fixed) for services rendered by said agent in making the sale of said land, or being instrumental in any manner, whatsoever, in selling or transferring said property, I agree to pay to said agent a commission of Five Hundred Dollars." (b) that acting by authority of and in pursuance to the agency so created the plaintiff did procure one G. E. Shackleton, who was an acceptable party to defendant and with whom defendant entered into a valid binding written contract, providing for the exchange of said defendant's real estate, for certain real estate of the said Shackleton, a copy of which written contract is attached to the complaint as Exhibit "B;" by the contract mentioned the defendant and Shackleton agree to exchange properties, each assuming certain encumbrances existing on the other's property, each to have full and peaceable possession of the property of the other on or about Oct. 1, 1912, or as mutually agreed otherwise, with the further provision that Shackleton was to have until July 10, 1912, to investigate and approve the property he was trading for; (c) that on the 6th day of July, 1912, the defendant and Shackleton entered into another written contract, designed and intended to be a continuation of contract herein referred to as Exhibit "B," which supplemental contract is attached to and made a part of the complaint and marked Exhibit "C," and at the same time the defendant and

Shackleton executed their promissory notes each for the sum of $1000.00, payable on demand, copies of which notes are attached to the complaint as parts of Exhibit "C;" the contract marked Exhibit "C" is as follows: "Continuation of contract of sale made between G. E. Shackleton, party of the first part, and J. D. H. Reed, party of the second part, in the exchange of the several properties as provided for, in the original contract made and executed in Palisade, Colorado, on June 28th, 1912. Witnesseth:—Party of the first part has this day accepted the property of party of the second part, and agrees to accept the trade and deed his property to said second party as provided for in the original contract above mentioned and of which this is a part. Both parties hereunto have this day deposited in escrow with Keinath, Schuster & Hudson, this contract and a copy of the original contract, his demand note for $1000.00 as evidence of good faith and as a forfeit in event either party hereto fails or refuses to comply with the terms of the contract as therein provided." The note of Shackleton was payable to Reed and vice versa; (d) that at the time defendant entered into said contract, the defendant accepted said Shackleton as a proper and suitable person with whom to make such contract and that plaintiff, "acting in good faith, did all it was requested or required to do by defendant in the way of effecting a valid and binding contract aforesaid and did by its efforts become the procuring cause in producing for said defendant the said G. E. Shackleton for the purposes aforesaid."

The defendant's answer admits (a) the execution of Exhibit "A;" (b) admits that appellee procured Shackleton to exchange property with him, but denies that he entered into a valid and binding contract with said Shackleton, but admits he did enter into a stipulation, setting out the terms upon which he and Shackleton were to exchange properties and that Exhibit "B" attached to the complaint is a copy thereof; (c) admits the execution of contract Exhibit "C" attached to the complaint and the notes therein mentioned, but denies that the notes were

to be a payment on the properties, or for any other purpose, except to be a forfeiture and for the special purpose of indemnifying each, respectively, against the loss which they might sustain in case the other failed to perform his part of the stipulation by which the sale was made to be effected, or to perfect the sale; and further denies that defendant accepted the property of G. E. Shackleton, except upon the condition of the original stipulations by which the exchange was to be made between defendant and G. E. Shackleton; (d) denies that he accepted Shackleton as a proper and suitable party with whom to make such contract as was made, except on the condition and with the understanding that the said Shackleton would perform his part of the stipulation in the contract; and denies further that the plaintiff did all that was required of it in the way of effecting a valid and binding contract between defendant and Shackleton. By way of new matter the defendant in his answer alleged: (a) that he employed the plaintiff to sell or exchange his property, as is stated in the copy of listing contract Exhibit "A" of plaintiff's complaint and that plaintiff was not to have any commission on the exchange of the property unless the exchange was perfected or completed; that the contract Exhibit "B" was intended to be a stipulation upon which he and Shackleton were to exchange properties and was not a valid, binding and enforceable contract of sale; (c) that the notes set out in Exhibit "C" were executed for the purpose of indemnifying himself and Shackleton, in damages, in case the other party failed to perform his part of the stipulations in the contract Exhibit "B" and for no other reason; (d) that the said Shackleton failed to perform the stipulations in his contract Exhibit "B" and for that reason the exchange of property was never effected between defendant and Shackleton. Plaintiff moved for judgment in its favor upon the pleadings. Motion granted and judgment rendered as prayed in the complaint.

## OPINION OF THE COURT.

MECHEM, D. J.—Appellant insists that by his an-

swer he raised the following issues of fact: (1) Whether or not appellant accepted the property of Shackleton; (2) Whether or not appellant accepted Shackleton as a proper party with whom to make an exchange other than upon the conditions in the contract or stipulations Exhibit "B;" (3) Whether or not appellee had done all it was required to do in order to earn its commission; (4) Whether or not the contract, or stipulations Exhibit "B" between appellant and Shackleton, was intended to be a stipulation by which an exchange of property was to be effected or whether it was intended to be a valid, binding and enforceable contract; (5) Whether or not the contracting party, Shackleton, failed to perform the contract, or stipulation, Exhibit "B," and if that was the reason why the exchange was never effected between appellant and said Shackleton.

**1** Argument is not required to demonstrate that the issues raised on these points were issues of law and not of fact. The question whether Shackleton's failure to comply with his agreement, was a good defense will be discussed hereafter, but the allegation of that fact presented no issue because admitted by the motion for judgment.

**2** As the pleadings stood, the case was ripe for judgment on the issues of law involved and the motion for judgment was properly entertained.

It is contended by appellant that the appellee does not plead a performance of the terms of its employment, because the exchange of properties was not consummated The law is well settled, that under an employment to sell or exchange the property of his principal, a broker has

**3** fully performed his undertaking when he procures a customer, with whom the principal makes a valid contract of sale or exchange. Shepherd-Teague Co. v. Herman, 107 Pac. 622; Ward v. Cobb, 148 Mass. 518, 12 Am. St. 587; Wilson v. Mason, 158 Ill. 304, 42 N. E. 134, 136, 49 Am. St. 152; Odell v. Dozier, 30 S. E. 813; Scully v. Williamson, 26 Okla. 19, 108 Pac. 395; Ann. Cases 1912 A 1265; Kalley v. Baker, 132 N. Y. 1, 28 Am. St. 542.

Nor as claimed by counsel was it necessary for appellee to aver that Shackleton was "in a position and able to con-

vey a perfect title to the property which he proposed to exchange to defendant." By entering into the contract of exchange the appellant accepted Shackleton as able, ready and willing to make the exchange. In Roche v. Smith, 176 Mass, 595, 58 N. E. 152, 79 Am. St. 345, the Court said:

"It was held in Knapp v. Wallace, 41 N. Y. 477, where the broker was employed to find a person to convey land to be paid for in money, and in Kalley v. Baker, 132 N. Y. 1, 28 Am. St. 542, 29 N. E. 1901, where the broker was employed to find a person to convey land to be paid for by conveyance of other land, that is to say, to effect an exchange, that where the principal makes a valid agreement with the customer produced by a broker, the broker has earned his commission, even if it turns out that the customer cannot make a good title and the land is not conveyed, providing the broker acted in good faith in the matter. In the opinion of a majority of the Court those cases were rightly decided. The question is the same in the two cases; the only difference is that in one case payment is to be made in money, in the other, by a conveyance of other land. The ground on which this is settled is that by entering into a valid contract with the customer produced by the broker the principal accepts the customer as able, ready and willing to buy land and pay for it."

In Fox v. Ryan, 240 Ill. 391, 88 N. E. 974, the reason for this doctrine is well stated:

"The vendor of property is not required to accept a purchaser without opportunity for investigation as to his ability to comply with the terms of the contract, but where he does accept such purchaser, uninfluenced by fraud or misrepresentation, it is a determination by him of the purchaser's ability to perform his contract, and, if the purchaser afterwards fails to perform it, the seller cannot defeat the broker's commission on the ground that the purchaser was not able to buy the property."

Appellant insists that the contract is not enforceable because of the provision in regard to the notes de-

posited by the parties in escrow "as evidence of good faith and as a forfeit" for non-performance. In his answer the appellant alleged that these notes were given for the purpose of indemnifying the party not in default in damages. The contract, however, speaks for itself, as its language is plain. It appears conclusively that the notes were given simply for the purpose of securing the performance of the contract. The word "forfeit" in its ordinary use in cases of contract is synonymous with "mulct, fine or penalty." State v. Baltimore & O. R. Co., (Md.) 12 Gill & J. 399, 38 Am. Dec. 319, and see other cases cited in Words & Phrases, vol. 3, p. 2893. In the case of Van Buren v. Digges, 52 U. S. (11 How.) 461, 467, the Court said:

"The second exception by the defendant states, that in addition to the evidence previously tendered by him he offered proof tending to show that the amount of ten per centum on the contract price stipulated to be forfeited if the house was not entirely finished and ready for occupation, as therein provided, on the 25th of December, 1844, was intended by the parties as and for liquidated damages, that would result and fairly belong to the said defendant by reason of said failure to finish the said house on the 25th of December, 1844; and that the Court refused to hear the evidence thus tendered. In the refusal of the Court to admit the evidence thus tendered we think they decided correctly. It would have been irregular in the Court to go out of the terms of the contract, and into the consideration of matters wholly extraneous, and with nothing upon the face of the writing pointing to such matters as proper or necessary to obtain its construction or meaning. The clause of the contract providing for the forfeiture of ten per centum on the amount of the contract price, upon a failure to complete the work on a given day, cannot properly be regarded as an agreement or settlement of liquidated damages. The term forfeiture imports a penalty; it has no necessary or natural connection with the measure or degree of injury which may result from a breach of contract, or from an imperfect performance. It

implies an absolute infliction, regardless of the nature and extent of the causes by which it is superinduced. Unless, therefore, it shall have been expressly adopted and declared by the parties to be a measure of injury or compensation, it is never taken as such by courts of justice, who leave it to be enforced where this can be done in its real character, viz., that of penalty."

We do not decide that a provision for liquidated damages in a contract such as this renders it unenforceable, but that in this case the provision considered is plainly in the nature of a penalty to secure the performance of the contract, which of itself is no bar to specific performance.

From the law announced on the question above discussed it follows that the further objections of the appellant, viz: that the complaint failed to state a cause of action because it is not alleged that Shackleton was able, ready and willing to complete the exchange on the terms of contract "B," or that he made any effort to complete the exchange or that the defendant refused to complete the exchange of properties, and that the Court erred in holding that by entering into the contract, the appellant accepted Shackleton as able, ready and willing to make the exchange, are not well taken.

Appellant insists that by his answer he raises as an issue of fact the question of whether the contracts "B" and "C" were mere stipulations of the terms of a proposed exchange and not intended by the parties to be enforceable contracts or to be enforced. Appellant does not plead any other contract which would vary the terms of contracts "B" and "C" and what the parties intended by those contracts was for the Court to decide by an inspection of the contracts unaided by proof aliunde.

There is no error disclosed by the record and the judgment is therefore affirmed.