## MORRISON v. FIRST NATIONAL BANK OF TAOS

### SYLLABUS BY THE COURT

(1)   A demurrer to the evidence admits the truth of the testimony, every conclusion which it tends to prove, and every inference, which may reasonably be drawn therefrom, and waives all objections to the admissibility of such evidence.                                                      P. 131

(2)   Assignments of error challenging defects which inhere in the judgment itself are sufficiently specific.
P. 131

(3)   A warrant of attorney in a promissory note permits the holder to take judgment against the maker thereof without service of process upon him, although he was within the jurisdiction of the court and could have been served.
P. 131

(4)   Knowledge of the agent is to be imputed to the principal, and, where the agent knew and understood the conditions upon which his principal was to be released from certain indebtedness, his concealment from or fraud upon his principal is not available to the principal against one dealing with the agent in good faith.          P. 131

Appeal from District Court, Taos County; Leib, Judge.

Action by Harry Morrison against the First National Bank of Taos, N. M., to set aside and vacate a judgment obtained by the defendant bank against the plaintiff.   From a judgment dismissing the complaint, the plaintiff appeals.   Judgment affirmed.

H. M. Dow, of Roswell, for appellant.

Laughlin & Barker, of Santa Fé, for appellee.

### OPINION OF THE COURT

RAYNOLDS, C. J.   Appellant Morrison, as maker and endorser, was indebted to the First National Bank of Taos in the sum of $9,324.20 on four promissory notes.   One Fortner was the maker of three of these notes and indorser on the fourth, which was signed by Morrison as maker.   When the notes became due, payment was demanded by the bank, and an arrangement was entered into by the parties by which Morrison

understood that on giving two new notes for $3,000 each he was to be released from his liability. The negotiations were carried on by Fortner and a representative of the bank. The bank claimed that the balance of the $9,300 was to be taken up by a note signed by J. H. Vaughn, and that Fortner was to get this note from Vaughn, but Morrison apparently did not so understand it. The note from Vaughn was never made. Upon receipt of the two $3,000 notes from Morrison, the bank credited his account with them to that amount and sent him canceled notes on which he was liable to that amount. The two notes for $3,000 each were judgment notes. The bank subsequently obtained judgment on these two notes against Morrison under a warrant of attorney contained therein, issued execution, and sent it to the sheriff of Chaves county. Morrison did not take any action in Taos county, where the judgment was rendered, toward setting it aside or securing stay of execution, but obtained an injunction in the district court of Chaves county against the sheriff from making a levy. At this stage of the proceeding a writ of prohibition was issued by the Supreme Court against the action of the court of Chaves county in enjoining the sheriff of said county from levying the execution. The levy was afterward made in Chaves county.

The present suit was filed for the purpose of setting aside and vacating the judgment obtained by the bank on the two $3,000 judgment notes in Taos county on the ground that the judgment was procured by fraud, the notes having been delivered conditionally, and there being no liability thereon. After issue was joined, the case was tried, a demurrer to the evidence at the close of plaintiff's case was sustained, and the complaint dismissed. From the action of the trial court sustaining the demurrer and dismissing the complaint, the plaintiff, Morrison, appeals to this court. He assigns as error that the district court erred in sustaining the demurrer to the evidence, rendering judgment against appellant in favor of the bank.

[1]   It seems to be conceded that, when a demurrer to the evidence is sustained, the testimony introduced on behalf of the plaintiff is deemed true, and every conclusion which it tends to prove must be admitted, and that such demurrer waives all objections to the admissibility of evidence and amounts to an admission that every inference which may be reasonably drawn from the evidence is true.  Collins v. Schump, 16 N. M. 537, 120 Pac. 331; State v. Ogden, 20 N. M. 636, 151 Pac. 758.

[2]   Appellee in the first instance challenges the assignments of error on the ground that they are not sufficiently specific.  As, however, they are directed to defects which inhere in the judgment itself, we deem them sufficient, under Kershner v. Trinidad Milling & Mining Co., 26 N. M. 73, 189 Pac. 658.

[3]   Appellant urges upon us that such judgment notes—that is, notes with a warrant of attorney—cannot be properly used to procure judgment without process, where in a case like the present one service could have been made upon the debtor.  This point has been decided adversely to the contention of the appellant by the case of First National Bank of Las Cruces v. Baker, 25 N. M. 208, 180 Pac. 291.

[4]   The trial court, as shown by a statement made by him at the close of plaintiff's evidence, took the view that, although there had been a mistake as to the agreement in regard to the surrender of Morrison's notes, there was no actual fraud on the part of the bank which necessitated the court setting aside the judgment.  We have carefully read the record of testimony, and it shows to our mind that Fortner acted as agent of Morrison in procuring this agreement; that the bank understood they were to release Morrison's indebtedness if the full amount of it was taken care of by these two notes of $3,000 each, and the note of J. H. Vaughn for the balance.  Morrison apparently did not understand the arrangement this way, but presumed that he was to be released upon signing the two $3,000 notes.

Taking the most favorable view of the testimony for the plaintiff, it is apparent that the bank's action did not amount to procuring these two $3,000 notes by fraud, nor were they conditionally delivered to the bank. Fortner was the agent of Morrison, and not of the bank. If there was any misrepresentation, it was not upon the part of the bank, but on the part of Fortner toward Morrison. In fact, this is admitted by Morrison in his testimony. Knowledge of the agent is to be imputed to the principal, and, where the agent knew and understood the conditions upon which his principal was to be released from certain indebtedness, his concealment from or fraud upon his principal is not available to the principal against one dealing with the agent in good faith.

We believe the court came to a correct conclusion upon the evidence at the close of plaintiff's case and properly sustained the demurrer to it and dismissed the cause.

The judgment is therefore affirmed; and it is so ordered.

PARKER, J., concurs.

DAVIS, J., did not participate.