## DAUGHTRY V. B. F. COLLINS INV. CO.

### SYLLABUS BY THE COURT

(1)   Section 4146, Code 1915, does not apply to an agreement deduced from correspondence and oral understanding, and not referred to in the pleadings.                    P. 153

(2)   A complaint for commissions for procuring loans states a cause of action without alleging an exclusive agency,

and it is not necessary to prove such agency to recover, since if the loans were procured by plaintiff, defendant is liable whether the agency was exclusive or not.                    P. 153

(3)    Evidence **held** not to show that agent suing for procuring loans was to receive a commission from both parties.
                                                                                   P. 154

(4)    While an investment company as to future transactions might disregard an express agreement with the agent to pay a commission on loans found acceptable, and deal with another without giving notice of its intentions, it could not do so as to the past without remaining liable for commission according to its agreement, at least on loans of which he was the procuring cause.                    P. 155

Appeal from District Court, Chaves County; Brice, Judge.

Action by J. R. Daughtry against the B. F. Collins Investment Company. Judgment for plaintiff, and defendant appeals. Affirmed.

R. D. Bowers, of Roswell, and Pearson & Baird, of Oklahoma City, Okla., for appellant.

Reid, Hervey & Iden and Tomlison Fort, all of Roswell, for appellee.

#### OPINION OF THE COURT

DAVIS, J.    The complaint in this case alleges, in effect, that in 1919 appellee was engaged in the business of negotiating loans and appellant in making loans in this state. They entered into a contract by which appellee agreed to procure applications for loans from persons, in Lea county, and appellant agreed to make such of the loans as it approved, to pay appellee a commission of 4 per cent, and to give him the exclusive agency for that county. It alleged that appellee submitted to appellant a large number of applications for loans, which it accepted, and thereby appellee became entitled to the agreed commission.

Upon the trial it appeared that the contract claimed by appellee covering the submission of applications and payment of the commission was the result of a series of letters between the parties, while the understanding as to the exclusive agency for Lea county, as claimed, was

oral. The contract as a whole was not contained in any written instrument, but was made up of correspondence and conversations.

[1] Appellant assigns the admission of these letters as error, claiming that the originals or copies should have been filed with the complaint under section 4146, Code 1915. That section concerns written instruments upon which any action or defense is founded, and which are referred to in the pleadings. This action is not founded upon the letters, but upon agreements to be deducted from the correspondence and oral understanding. The letters are not referred to in the complaint. The statute is not applicable.

[2] Appellee claimed commission upon two classes of loans: First, those to which he called appellant's attention by submitting applications from prospective borrowers; and, second, those with which he personally had no connection, but for which he claimed compensation because of his alleged exclusive agency for Lea county. The court was evidently of the opinion either that the exclusive agency was not proved, or that it was ineffective in law to create the right asserted; for, by the instructions to the jury, the right of recovery was limited to the first class. As to these the jury was instructed that there could be no recovery unless appellee was the procuring cause. The question of an exclusive agency then ceased to be of interest in the case. The instruction limiting the recovery was to the advantage of appellant.

Appellant nevertheless assigns as error the instruction which allowed recovery upon loans as to which appellee was the procuring cause. It says that the complaint proceeded upon the theory of an exclusive agency for Lea county, that appellant could recover only upon proof of such agency, and that only this issue should have been submitted to the jury. We do not so consider the complaint. While there was an allegation of such an agency, it had no bearing upon the liability

of appellant for loans procured by appellee, for as to such loans it was liable whether the agency was exclusive or not. If the allegation regarding exclusive agency is eliminated, the complaint still states a cause of action. The assignments based upon this theory of appellant are not well taken.

[3] The principal contention of appellant, upon which several assignments of error are based, is that appellee was not entitled to recover at all because he was to receive a commission from both parties to the transaction, thus causing a situation which appellant claims is contrary to public policy.

Appellee testified that B. F. Thorne was one of his Lea county agents in obtaining loan applications. Appellee's original plan as to compensation was that he should have the 4 per cent to be paid by appellant, and that Thorne should obtain his commission from the borrowers. This is the basis for appellant's present contention that appellee was representing both parties to the transaction. But the plan was never carried out. There is nothing to show that either appellee or Thorne ever represented the borrowers or received a penny from any one of them. Appellant was advised of the proposed plan, and questioned it to the extent that it might cause the loans to bear usurious interest. On being assured by appellee that no charge would be made that would violate the usury law, it made no further objection. Thorne consistently denied that he was in any way an agent for appellee, and we might assume that the jury were of that opinion. Inasmuch as no compensation was received from the borrowers, and since the plan of receiving a commission from both parties was communicated to appellant, and not objected to if not usurious, and since Thorne may not have been appellee's agent, in which event no double agency could possibly arise, it is evident that appellant's argument falls for lack of supporting facts, whether or not it is a correct statement of the law.

[4] Under the evidence presented, the jury evidently believed that appellee furnished appellant with applications from prospective borrowers in Lea county under the express agreement that he should receive a commission upon such loans as were found acceptable. Appellant inspected the properties offered as security, and made a number of loans. Thorne, who was considered by appellee as his agent, denied any such agency, and appellant decided to transact its business direct with him, disregarding its agreements with appellee, and the services which he had already rendered, and giving him no notice of its intentions. While it might do this as to future transactions, it could not do so as to the past without remaining liable to appellee for commissions according to its agreement, at least upon loans of which he was the procuring cause. Since recovery was limited to such loans, appellant has no complaint.

For the reasons stated, the judgment is affirmed; and it is so ordered.

RAYNOLDS, C. J., and PARKER, J. concur.