C. E. Lowe, *Plaintiff in Error*, v. C. C. Crawford, *Defendant in Error*.

Division B.

Opinion filed April 30, 1929.

Petition for rehearing denied May 18, 1929.

*McMullen & McMullen* and *Van Fleet, Collins & Miller*, for Plaintiff in Error;

*Bickers, Ramseur, Stone & Shields*, for Defendant in Error.

Buford, J.—The evidence as shown by the transcript in this case is sufficient to support a finding of the following state of facts:

Lowe owned 240 acres of land in Pinellas County. Crawford was a licensed real estate broker in that county. Crawford was introduced to Lowe by the proprietor of the hotel at which both gentlemen were stopping. Lowe agreed with Crawford that he would pay Crawford a commission of 10% if Crawford would find a purchaser ready, able and willing to buy the land. Lowe stated that he wanted $2,000.00 per acre for the land, but that he would take less.

Crawford found J. B. Thomas, who desired to purchase the land. He introduced Thomas to Lowe. Thomas, Crawford, Lowe and the proprietor of the hotel went out and looked at the land. Thomas stated that he and his associates would buy the land as soon as he returned from a trip North. He took the trip North, returned to Pinellas County and he, with his associates, bought the land at a price satisfactory to Lowe, to-wit, $460,000.00. Lowe refused to pay Crawford the 10% commission. Crawford sued Lowe and by amending count 4 in his declaration alleged that Lowe had agreed to pay him 10% of the sales price of the land. Lowe filed plea that he did not promise as alleged. Trial was had and a verdict rendered in favor of Crawford for $23,000.00. The evidence shows that in the closing of the deal to Thomas and his associates $23,000.00 was taken off the purchase price and allowed to those gentlemen as commissions on the sale to themselves, and that it was divided between them, and this accounts, we think logically, for the verdict having been found in favor of Crawford for the remaining $23,000.00, representing 10% of the purchase price.

In Clark & Loftus v. Pope, 29 Fla. 238, 10 So. R. 586, this Court say:

> While it is true that a verdict of a jury unsupported by evidence, or against the evidence, will not be sustained, yet a verdict cannot be set aside on the ground that it is excessive and not justified by the evidence, where a witness who is uncontradicted, testifies for plaintiff that the amount due from defendant is larger than the amount of the verdict rendered.

In Cumberland Savings & Trust Company v. McGriff, 61 Fla. 159, 54 So. R. 265, this Court say:

> Where an agent has been employed to procure a purchaser of real estate at a price satisfactory to the owner,

for a stated commission, and the agent introduces to the owner a prospective purchaser, who takes an option and allows it to be cancelled, but the agent continues to discuss the matter with the person so introduced who subsequently with a partner purchases the property by negotiation in which the agent took no part, the agent having introduced and continued to interest the person who with his partner did eventually buy, entitled to his commission as agreed.

The law as enunciated in that case was reiterated in the case of Pensacola Finance Co. v. Simpson, 82 Fla. 368, 90 So. R. 381.

The opinions of this Court in the cases above referred to constitute adequate authority for the verdict and judgment in the instant case. The judgment should be affirmed, and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

BROWN, J., concurs in the opinion and judgment.

TERRELL, C. J., AND ELLIS, J., dissent.