### GEORGE A. FULLER CO. v. FORD.
### No. 6590.

Circuit Court of Appeals, Fifth Circuit.
March 14, 1933.

Rehearing Denied April 4, 1933.

Geo. W. Wylie and Stuart B. Warren, both of St. Petersburg, Fla., for appellant.

Morris E. White and O. K. Reaves, both of Tampa, Fla., and Harry L. Thompson and Edgar John Phillips, both of Clearwater, Fla., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

Appellee recovered judgment against appellant in an action for a broker's commission upon a sale of hotel property.

The declaration alleges that appellant, owner of the property, employed appellee to procure a purchaser at a price satisfactory to it; that appellee found and procured as a purchaser one Flynn who was accepted by appellant; and that appellant entered into a contract of sale with Flynn and his associates at a price that was satisfactory to it. The assignments of error are based upon an order overruling a demurrer to the declaration, and upon objections to the admission and rejection of evidence.

The grounds of demurrer are that the declaration fails to allege the finding by appellee of a purchaser who was ready, able, and willing to buy, and the procurement of a

binding contract of purchase from Flynn. The allegation that appellant accepted Flynn as purchaser made it unnecessary to allege that he was ready, able, and willing to buy. Squires v. Kilgore, 92 Fla. 1001, 111 So. 113; Fairly v. Wappoo Mills, 44 S. C. 227, 248, 22 S. E. 108, 29 L. R. A. 215. It is immaterial that appellant's contract of sale was with Flynn and his associates instead of being with Flynn only. Cumberland Savings & Trust Co. v. McGriff, 61 Fla. 159, 54 So. 265. The declaration contains a second count which was also demurred to, but it is unnecessary to pass upon it, as in our opinion the first count was good.

 The evidence admitted on behalf of appellee, over objection, consisted of letters and telegrams from Flynn to appellee tending to prove negotiations leading up to the sale of the property, of demand by appellee upon appellant after the sale had been completed for the commission, of a contract between the owner and the purchasers, and of a deed from the former to the latter. These documents were clearly admissible, as they tended to show that as alleged appellee procured a prospective purchaser to whom the sale was actually made. It is unnecessary to consider separately or in detail the rulings on the oral testimony, since upon examination we find them to be either proper or harmless, or rulings to which exceptions were not taken.

The judgment is affirmed.