208 P.2d 818

**PROCTOR v. MOORE.**

No. 5182.

Supreme Court of New Mexico.

Aug. 3, 1949.

C. E. McGinnis, Springer, John B. Wright, Raton, for appellant.

Henry E. Blattman, Las Vegas, for appellee.

LUJAN, Justice.

This is an action seeking to recover a commission for the sale of real estate in Harding County. The trial was before the court without a jury, resulting in judgment for the plaintiff in the sum of $425.00, with interest at six per cent per annum from date. The defendant duly appealed. The parties will be referred to as they appeared in the lower court.

The facts, as found by the trial court, necessary to a decision on the questions raised by the defendant, are:

"3. That more than a year prior to November 7, 1946, the defendant listed for sale with plaintiff a certain tract of land in Harding County, New Mexico, at a price of $8500.00 and agreed to pay five

(5%) per cent commission if the sale was made for said price.

"4. That plaintiff advertised the said land for sale and showed it to several prospective buyers. That on or about the 23rd day of January, 1946, plaintiff furnished one D. M. Martinez with a description and plat of said land and talked to him on one or two occasions thereafter.

"5. That on or about November 7, 1946, plaintiff advised defendant that one D. M. Martinez was interested in and would buy the land in question.

"6. That defendant on or about the 14th day of November, 1946, wrote plaintiff telling him to take his land off his list and shortly thereafter to-wit on November 23, 1946, entered into a contract to sell the said land for the sum of $8500.00 and the wheat crop thereon for $1500.00 and pursuant thereto sold and conveyed the said land to said D. M. Martinez and received the purchase price thereof in the sum of $8500.00."

Based upon these findings, the trial court concluded that the plaintiff was the procuring cause of the sale and was entitled to his commission in accordance with the contract of agency between plaintiff and defendant.

 Defendant (appellant) relies upon two questions for a reversal which will be considered in the order discussed in his brief. First he argues that the agency had been revoked prior to the time he sold the property to D. M. Martinez. We are not impressed with the argument. Plaintiff testified to the making of the contract by which he was to receive a commission of five per cent of the purchase price. After the making of the contract, plaintiff advertised the property in several newspapers. He wrote to several persons regarding this property, as well as to the purchaser. He further testified that his listing was never withdrawn by the defendant until November 14, 1946. It is true that the defendant, in his testimony, disagreed with the plaintiff as to the date of the withdrawal of the listing, but the trial court elected to believe the plaintiff.

 It is next urged that the plaintiff was not the procuring cause of the sale and that therefore he is not entitled to a commission. But the trial court found that he was the procuring cause, and from reading the evidence and findings we are satisfied that the court did not err in that regard. This court in Wilson v. Sewell, 50 N.M. 121, 171 P.2d 647, 649, said: "To entitle a real estate broker to compensation, it is sufficient that a sale is effected through his agency as its procuring cause, and if his introduction of the purchaser is the means of bringing him and the owner together, and the sale results in consequence, the compensation is earned, although the broker does not negotiate and

is not present at the sale. Williams v. Engler, 46 N.M. 454, 131 P.2d 267." And see Taylor v. Sarracino, 44 N.M. 469, 104 P.2d 742, Erb v. Hawks, 52 N.M. 166, 194 P.2d 266.

It has been so often held by ·this court that findings of fact made by a trial court where supported by substantial evidence which it heard will not be disturbed that citation of authority is unnecessary. We have carefully examined the record, and find that there was substantial evidence supporting the findings in this case.

Finding no reversible error the judgment is affirmed, and it is so ordered.

BRICE, C. J., and SADLER, McGHEE, COMPTON, JJ., concur.