235 P.2d 140

HUDGENS et al. v. CARAWAY et al.

No. 5370.

Supreme Court of New Mexico.

Aug. 22, 1951.

G. T. Hanners, Lovington, for appellants.

Heidel & Swarthout, Lovington, for appellees.

COORS, Justice.

Both sides question the sufficiency of the evidence to sustain decisive findings against each. Defendants-appellants claim the court should have found plaintiffs were authorized to sell only one-half section of defendants' land and, although an entire section was sold, that plaintiffs were not the procuring cause of the sale of the land or any part thereof. Plaintiffs claim the court should have found they were authorized to sell the entire section and that the plaintiffs were the procuring cause of the sale and entitled to a commission on the entire section sold. The court found plaintiffs were employed by defendants to sell one-half section only, that plaintiffs were the procuring cause of the sale of the whole section and were entitled to a commission on one-half section.

We have carefully examined the testimony and in our opinion there is substantial evidence, though contradicted, to support the findings actually made or refused. There is no occasion to set out the conflicting testimony in detail. A finding either way by the trial court would have found support in the conflicting evidence. The trial court is the judge of the weight of the evidence and the credibility of the witnesses. Flippo v. Martin, 52 N.M. 402, 200 P.2d 366; Erb v. Hawks, 52 N.M. 166, 194 P.2d 266.

Defendants also contend the court erred in admitting the testimony of plaintiff Hudgens in which he related what he had told the prospective buyer Nelson who shortly thereafter, with his associates, became the actual buyer, about the land, its price, etc. in the absence of the defendants. Defendants' objections claimed that such evidence was introduced to prove agency and therefore the statements made by plaintiff in the absence of defendants were inadmissible. In this contention defendants were clearly wrong. This evidence was introduced and admitted by the court to show what the agent did and said in carrying out the agency established by other evidence. It showed what efforts plaintiffs made to

sell the land. It tended to show plaintiffs were the procuring cause of the sale. It was both competent and material.

■ Defendants' last contention is that inasmuch as the land was actually sold to Nelson and two of Nelson's friends or associates as tenants in common, the plaintiffs not having actually been acquainted with these two associates of Nelson, and not having personally introduced them to defendants, and Nelson not being able to buy the whole section alone, the court erred in finding plaintiffs the procuring cause of the sale to the three purchasers.

We likewise believe this contention of defendants is without any merit

There was ample evidence that Nelson was looking for land for himself and friends or associates, and that if an interesting buy was found that was too big for him alone he had friends or associates who would join him in the purchase. Nelson, one of the joint purchasers, was evidently the scout who tried to find suitable land for purchase. He and his associates lived in Chaves County while the section of land he was investigating was east of Lovington in Lea County. Nelson had looked at twenty-five or thirty farms in that vicinity before the plaintiffs started showing him the several farms they had listed for sale, including defendants'. After plaintiff Hudgens had taken Nelson to defendants' farm, ridden across most of it, introduced him to defendant Tol Caraway, gone in Caraway's house and talked to Caraway, had the pump on the west one-half section started and operated, they left as it was getting late in the evening. Nelson told plaintiff Hudgens he would see him again in a few days, but instead he contacted the owner alone and then brought his associates and introduced them to defendants. Nelson and his two associates had Johnson Plumbing Company install a derrick and pump on the well on the east half-section for a test run of irrigation water. Nelson and his associates closed and consummated the deal for the purchase of the entire section about two weeks subsequent to the day plaintiff Hudgens first showed Nelson the land and introduced him to defendant.

We think it is immaterial that the contract of sale was actually made with Nelson and his two associates instead of with Nelson alone.

In Thornton v. Forbes, 326 Mass. 308, 93 N.E.2d 742, 744, it is said: "Who takes the title is not decisive. The decisive thing is that the person whom the broker has first interested retains an active interest in the transaction which can be found to be the efficient cause of the ultimate purchaser being produced."

■ The majority rule and that which we adopt is briefly stated in an annotation in 164 A.L.R. 949, as follows: "While a contrary conclusion is supported in a few cases in which it appears that there was an eventual sale to a partnership composed of

the broker's customer and others, as will be noted below, it has generally been held or recognized that a broker's right to compensation is not affected by the fact that the customer procured by him became associated with others who joined with such customer in the purchase of the property involved. George A. Fuller Co. v. Ford, 5 Cir., 1933, 63 F.2d 889; Minks v. Clark, 1921, 70 Colo. 323, 201 P. 45; Cumberland Sav. & T. Co. v. McGriff, 1911, 61 Fla. 159, 54 So. 265; Williams v. Selph & Daniels, 1922, 29 Ga.App. 38, 113 S.E. 245; Holton v. Shepard, 1935, 291 Mass. 513, 197 N.E. 460. * * *"

The judgment of the District Court should be affirmed.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.