297 P.2d 1055

**C. L. LINDSEY, Plaintiff-Appellant,**

**v.**

**J. A. CRANFILL, Defendant-Appellee.**

No. 5971.

Supreme Court of New Mexico.

May 28, 1956.

Garland & Sanders, James T. Martin, Jr., Las Cruces, for appellant.

Whatley & Oman, Las Cruces, for appellee.

KIKER, Justice.

Plaintiff filed suit against defendant on the claim that, as a real estate broker, plaintiff procured for defendant a purchaser to whom defendant sold a motel or tourist court in Las Cruces, N. M., and that commission was not paid to plaintiff therefor. Plaintiff lived in Lubbock, Texas, but was licensed to sell real estate in New Mexico, having an office in Roswell.

Plaintiff filed a complaint which was later amended. The amended complaint alleges that defendant listed with plaintiff the motel and that defendant fixed the sale price at $120,000 net to himself and that plaintiff's commission would be such amount in excess thereof as plaintiff's buyer would pay. Plaintiff's claim is that he got a man by the name of John T. Davis to go to Las Cruces, where he met Davis, and that he showed Davis several motor courts, among others the Kilby Kourts, the property listed with plaintiff by defendant.

Plaintiff states that at that time he introduced Davis to defendant; that Davis was shown several of the cottages at defendant's motel; that he later talked by telephone with Davis; that he priced the property to Davis at $125,000; but that he later found that thereafter defendant sold the motel to Davis for $120,000. Plaintiff claims that he should be paid a commission by the defendant of 5% of the price for which defendant sold the motel, or that, in the alternative, since the defendant had sold the court to plaintiff's purchaser at

the exact price stated as the minimum acceptable to defendant, he should have the reasonable value of his services in procuring the purchaser, bringing him and the owner of the property together; and that the trial court erred in ruling out testimony in support of the reasonable value of his services.

Defendant first filed a motion to dismiss plaintiff's complaint, alleging two grounds for dismissal, each of which amounts to a declaration that the complaint does not state a claim upon which relief may be granted. Upon hearing this motion was overruled.

For answer, defendant declared (1) that the complaint failed to state a claim upon which relief could be granted; (2) that the complaint is predicated upon an alleged oral agreement and is unenforceable; (3) defendant admitted that he wrote two letters referred to by plaintiff and placed in evidence and that he and Davis entered into a contract whereby Davis became purchaser of the real estate at the price of $120,000; and that plaintiff had made demand for commissions but that defendant had refused all such demands.

The statute upon which the defense is based is § 70–1–43, N.M.S.A.1953, providing that the contract by which a broker is employed to sell real estate must be in writing or that some memorandum or note thereof shall be in writing and signed by the person to be charged therewith or some other person by him lawfully authorized. This court has held that the provisions of this statute are an extension of the Statute of Frauds and may not be used as an instrument to perpetrate a fraud. Harris v. Dunn, 55 N.M. 434, 234 P.2d 821, 27 A.L.R.2d 1277.

Plaintiff claims that his original arrangement with defendant was by telephone and that later defendant called upon him at his office; that the matter was thoroughly discussed and it was understood in these conversations that plaintiff would have an opportunity to procure a buyer who would pay in excess of $120,000 for the property.

Later defendant wrote plaintiff two letters which are in evidence, and it is plaintiff's contention that these letters are sufficient memoranda of the contract to constitute the necessary writing.

The first of these letters was written on October 4, 1951. This was a few days subsequent to the time when plaintiff introduced the purchaser, Mr. Davis, to defendant Cranfill. This letter is written on Kilby Kourt stationery and is addressed to plaintiff. It reads:

"Dear Mr. Lindsey:

"As I have already explained to you my situation it make it necessary for me to offer this beautiful court for sale.

"I have now in it 33,000.00 which I must have cash. Anything over that is yours. Of course I will continue to add 500 per month to the cash payment.

"(Reporter's Note: Then on second sheet of Kilby Kourt stationery, the following:)

"I have a contract that whoever buys will have to be *excepted* by Mr. John D. Meredith as well as myself.

"The price as you know to me was 120,-000. Your commission will have to be added.

"Very truly

(signed) J. A. Cranfill"

(Tr. 113.)

It seems that defendant had a farm in Texas which he also wished plaintiff to sell. There is a postscript to the letter about the farm, but it is not quoted here for the reason that it has nothing to do with the matter in controversy.

The second of the letters was written on October 17, 1951, on stationery of the Lone Star Motel & Grill of Pecos, Texas, addressed to plaintiff, and is as follows:

"Mr. C. L. Lindsey

"Dear Sir:

"I had your letter just as I were leaving *hom* for Pecos stating that you had some one to look at the Kilby *Kort* this week.

"You may go over and show them if you wish and if they want to buy I think we can get Mrs. Cranfill to agree. I will be back over there the last of the week. Then if it doesnt sell we may take it off the market.

"Very truly

(signed) J. A. Cranfill"

(Tr. 115.)

The defendant entered into a contract by which he assigned his contract of purchase for the Kourts on November 9, 1951 with John T. Davis.

The case was tried to a jury. When plaintiff rested his case, defendant moved for a directed verdict. The motion assigns as reasons therefor the following: (1) that there is no written agreement showing the employment of plaintiff; (2) that there are no sufficient memoranda of the oral agreement to comply with the requirements of the statute; (3) that plaintiff has failed to show that the sale price was in such amount that he was entitled to any commission under the terms of any contract he had with defendant; (4) that the evidence shows that the plaintiff was not to have a commission unless the sale price was in excess of $120,000, as it was not; and (5) that plaintiff forfeited any right to commission by saying that the Kilby Kourts was priced "too high".

In sustaining the motion for directed verdict the court explained to the jury that the letters signed by defendant show clearly a verbal agreement entered into by the parties and that the details thereof were sufficiently explained so that the letters would permit proof of the oral contract, but that the letters should only permit proof of such contract as is specified in the letters; and that suit could not be maintained for a 5% commission or for the reasonable value of the services of the plaintiff.

232

Judgment was entered in favor of the defendant on the directed verdict and plaintiff has appealed.

Plaintiff's point one is, in substance, that the testimony of a broker as to conversations with a prospective purchaser is admissible as is also testimony as to acts of the broker in trying to sell the property to show just what the broker did in carrying out or attempting to carry out his contract.

Under his point one, two of the assignments of error are restated and are argued together. The first is that the court erred in refusing to allow the purchaser Davis to testify as to the saving of money made by dealing direct with the owner; and the second is that the court erred in not allowing plaintiff to testify as to conversations between him and the defendant Cranfill as to the commission plaintiff should receive for sale of the Kilby Kourts.

Plaintiff-appellant first suggests that, since the directed verdict was sustained, the consideration of testimony put in by plaintiff before the motion was made should have every reasonable inference flowing from it and that all conflicts in the evidence should be disregarded, the action of the court resting solely upon the substantial evidence supporting plaintiff's cause of action. Plaintiff cites In re Garcia's Estate, 45 N.M. 8, 107 P.2d 866; Morrison v. First National Bank, 28 N.M. 129, 207 P. 62; Sanchez v. Torres, 35 N.M. 383, 298 P. 408; Jackson v. Gallegos, 38 N.M. 211, 30 P.2d 719; Pankey v. Hot Springs National Bank, 46 N.M. 10, 119 P.2d 636.

We agree with plaintiff's statement as to the consideration of testimony required when ruling upon a motion for directed verdict.

Plaintiff points out evidence in the record which shows that plaintiff and defendant had a telephone conversation about the listing of property and that later defendant called at plaintiff's office in Texas and they talked about the matter, and that the letters were written in confirmation of an oral agreement previously made between the parties to the effect that if plaintiff should procure and introduce to defendant a buyer ready, willing and able to buy the real estate, plaintiff should have such amount of commission as should be in excess of $120,000; and that plaintiff went to work on the matter, talked over the telephone several times with Davis at his home in Oklahoma City, both before and after Davis was introduced to the defendant at Las Cruces; and that after the introduction the letters were written which, as the court said, were sufficient memoranda to show the existence of an oral agreement previously made.

Plaintiff further points out that the evidence that the property was sold to Davis subsequent to the introduction and subsequent to the date of the last of the letters constituting the memoranda of the oral

agreement shows that the property was still on the market at the time the letters were written.

■ Plaintiff offered proof of what was said by defendant over the telephone as to plaintiff's commission. This referred to telephone conversations plaintiff testified he and defendant had. Objection was made to the offer on the ground that plaintiff was attempting to establish a different contract by parol evidence from that made by the two letters which have been quoted. The objection was sustained. The plaintiff was entitled to show what was said between him and defendant in that telephone conversation as to how plaintiff would be compensated. The testimony was admissible. It clearly had a bearing upon the whole contract between the parties. Hudgens v. Caraway, 55 N.M. 458, 235 P.2d 140. If the answer to the question asked was such as to destroy the value of the two letters as a memorandum of the previous oral agreement, it could have been stricken.

If the testimony was such as to show that an arrangement was made for the employment of plaintiff and was supported by the memorandum, then the evidence is competent to show how it came about that plaintiff was employed to and did put forth effort to make a sale of defendant's motel.

■ The two letters show that plaintiff would receive whatever portion of the sale price was in excess of $120,000. The property was sold by defendant to Mr. Davis for $120,000 after the introduction of the purchaser to defendant pursuant to the agreement between plaintiff and defendant.

The letters clearly support plaintiff's contention that there was a prior agreement orally made and that the two letters, taken together, constitute the memorandum of that agreement. The two letters, which were placed in evidence, are either a mere memorandum of a previous oral agreement or they are nothing.

■ For the court or jury to have had any complete understanding as to the arrangement between plaintiff and defendant for the sale of the motel, it was necessary that the court and jury have the benefit of the oral testimony as to such negotiations as plaintiff claimed had taken place. It would seem to be perfectly clear that plaintiff had some such arrangement as would give him assurance that defendant would not take the first buyer that he might produce and sell the motel to him in the absence of plaintiff for $120,000, thereby making it impossible for plaintiff to receive any compensation for services rendered. No sane broker would go to work on any such prospect. Plaintiff had the right to have a jury determine just what was the agreement between plaintiff and defendant that caused plaintiff to put forth effort to sell the property and to cause a prospective buyer to go from Oklahoma City to Las Cruces and to meet that buyer at that city and take him to Kilby Kourts and to cause

234

him to inspect a portion thereof. The tendered testimony was admissible. Hudgens v. Caraway, supra; Franciscan Hotel Co. v. Albuquerque Hotel Co., 37 N.M. 456, 24 P.2d 718; Amies v. Wesnofske, 255 N.Y. 156, 174 N.E. 436, 73 A.L.R. 918. Likewise plaintiff should have been allowed to testify fully as to his acts, telephone calls, and conversations with Davis, in his efforts to effect a sale.

Plaintiff's second point is that where an owner has listed property with a broker at a net cash price to the owner, the broker to have as commission the portion of the sale price in excess of that net, the owner will not be allowed to deprive the broker of a reward for his services. Plaintiff's third point is that the court erred in directing a verdict for the defendant. The two points are argued together.

Plaintiff asserts that the law is well settled that, under an employment to sell or exchange property, a broker has fully performed when he has produced a buyer with whom the principal makes a valid sale or exchange, citing Keinath, Schuster & Hudson Co. v. Reed, 18 N.M. 358, 137 P. 841; Jackson v. Brower, 22 N.M. 615, 167 P. 6. In this connection, it is immaterial that the broker did not have an exclusive listing of the property. Daughtry v. B. F. Collins Inv. Co., 28 N.M. 151, 207 P. 575.

Again, plaintiff cites and quotes from Williams v. Engler, 46 N.M. 454, 131 P.2d 267, to the effect that a broker has earned his commission when he has produced a purchaser who either consummates the purchase or is ready, willing, and able to do so on the terms given to the agent by the owner. Hudgens v. Caraway, supra; Erb v. Hawks, 52 N.M. 166, 194 P.2d 266; Simmons v. Libbey, 53 N.M. 362, 208 P.2d 1070, 12 A.L.R.2d 1404; Proctor v. Moore, 53 N.M. 360, 208 P.2d 818; Vining v. Mo-La Oil Co., 312 Mo. 30, 278 S.W. 747; Glassman v. Barron, 277 Mass. 376, 178 N.E. 628.

The authorities cited above do not settle the matter as between plaintiff and defendant. Plaintiff's commission, as far as the memorandum of the alleged oral agreement shows, was to be that portion of the sale price in excess of $120,000. The actual question in the case is whether, after plaintiff had discussed the matter of defendant's motel with Davis, who later bought it, and after plaintiff had taken him to Las Cruces, or met him there, and had introduced him to the defendant who, with plaintiff, showed several of the cottages at the motel to Mr. Davis as a prospective purchaser, and after defendant sold the property to Mr. Davis in the absence of plaintiff and for the exact sum of $120,000, plaintiff can collect any commission.

■ We think that the plaintiff is entitled to the reasonable value of the services rendered by him, provided it be found that he procured the prospective purchaser, Mr. Davis, to whom defendant later sold the motel. This is a question of fact for the determination of the jury, just as it is for

the jury, after hearing the testimony as to the conversations between plaintiff and defendant about plaintiff being engaged to bring about a sale of the property, to determine the nature of the contract terms between plaintiff and defendant and whether plaintiff had a sufficient opportunity to carry out his agency and actually put forth effort so to do.

We find the law to be that if the agent is employed for the purpose of procuring a buyer and actually puts forth effort about his agency, and procures a buyer to whom the owner later sells, and because of the fraud, wrongful act or bad faith of the owner it is made impossible for the agent to further pursue his efforts to bring about a sale, the agent is nevertheless entitled to the reasonable value of his services. 12 C.J.S., Brokers, § 76, p. 167. In Weiss v. Northern Dredge & Dock Co., 155 Md. 351, 142 A. 253, 257, it is said:

"But that rule is subject to the qualification that where the plaintiff's failure to perform was occasioned by some default, neglect, or wrongful act of the defendant, 'he may recover in general assumpsit for the work actually done, and the defendant cannot set up the special contract to defeat him.' [Citing cases.] For if the defendant accepts benefits accruing to him from plaintiff's services, he ought not to be permitted to escape what would seem to be his duty of reasonably compensating plaintiff for such services, by preventing him from completing his contract."

See also Crowe v. Trickey, 204 U.S. 228, 27 S.Ct. 275, 51 L.Ed. 454; Boydstun v. Hackney Land Credit Co., 145 Minn. 392, 177 N. W. 779.

Several questions should have been settled by the jury. About none of them do we express an opinion.

The verdict was directed erroneously and the judgment should be reversed and the cause remanded for new trial not inconsistent with this opinion. It is so ordered.

COMPTON, C. J., and LUJAN, SADLER, and McGHEE, JJ., concur.