[No. 1228, January 12, 1909.]
# THE PECOS VALLEY IMMIGRATION COMPANY,.
## Appellant, v. JOHN B. CECIL, Appellee.

### SYLLABUS.

1.  Where there is substantial evidence to support them, findings of fact by the trial court will not be disturbed on appeal.

2.  In action for commissions by real estate broker, evidence held that "the listing of defendant's property with plaintiff expired" before time of sale and that plaintiff did not have defendant's property for sale at the time of its sale.

3.  The facts of the case do not bring it within the decisions which hold that a sale by a party direct leaves the factor's right to the commission intact, where the latter has furnished the customer and has thus been the producing cause of the sale. Such cases presuppose and assume relationship of principal and agent which the court in this case finds did not exist."

Appeal from the District Court for Eddy County before W. H. Pope, Associate Justice. Affirmed.

Bujac & Brice, for Appellant.

The findings of the court below will be set aside when there is no evidence to sustain them; or when they are manifestly against the weight of the evidence. Brown v. Lockhart, 12 N. M. 10; Romero v. Coleman, 11 N. M. 533; Rush v. Fletcher, 11 N. M. 555.

The law favors that construction of contracts of this nature and that interpretation of the facts and acts of the parties which will secure to the broker payment of his commission. Duncan v. Borden, 59 Pac. 60; Stewart v. Mather, 36 Wis. 344; Orton v. Scofield, 61 Wis. 382; McKenzie v. Lego, 74 N. W. 249.

An owner of property cannot voluntarily reduce the price of same below that made to his broker and sell the same to his broker's customer at less than the price agreed upon, and deprive the broker of his commission. Welch

v. Young, 79 N. W. 59; Reid v. McNerney, 103 N. W. 1001; Hafner v. Herron, 46 N. W. 211; Henry v. Stewart, 57 N. W. 190; Lloyd v. Matthews, 51 N. Y. 124; Potvin v. Curren et al., 14 N. W. 400; Hubacheck v. Hazzard, et al., 86 N. W. 426; Plant v. Thompson, 22 Pac. 726; Byrd v. Frost, 29 S. W. 46; Ratts v. Shepard, 14 Pac. 496.

A real estate broker is entitled to his commission when he has produced a customer with whom the owner of the property makes a trade upon terms satisfactory to himself, although the deferred payments were not made by the purchaser, and the terms of the contract never fully carried out. Stewart v. Fowler, 36 Pac. 1002.

When a broker's time is limited, and negotiations are commenced while the property is listed with him, and the time in which he had a right to sell expires, and the trade is subsequently closed by the owner, the broker is entitled to his commission. Jaeger v. Glover, 95 N. W. 311; Humphrey v. Eddy Transp. Co., 73 N. W. 422.

If a real estate broker brings to an owner of property a prospective purchaser, who afterwards buys the property, being the object for which they were introduced, the broker is entitled to his commission although he had nothing further to do with the transaction. Hambleton v. Fort, 78 N. W. 498; Butler v. Kennard, 36 N. W. 579; Rounds v. Alee, 89 N. W. 1098; Scott v. Clark, 54 N. W. 538; Howe v. Werner, 44 Pac. 511; Marlett v. Elliott, 77 Pac. 104.

When property is listed with a real estate broker for sale and no limitation is placed as to the time when such sale should be effected, the contract will continue until terminated by one of the parties giving notice. Lloyd v. Mathews, 51 N. Y. 124; 19 Cyc. 222, 223; Knox v. Parker, 25 Pac. 909; Heaton v. Edwards, 51 N. W. 544.

Where a broker furnishes a customer for the purchase of land, even though the land was not previously listed with such broker, under an agreement that the owner should show, price and sell the land, the broker is entitled to his commission if the owner does show, price

and sell the land to such customer prior to the lands being withdrawn from their hands, or if such sale results subsequently to its being withdrawn provided negotiations were begun while the land was in the hands of the broker and continued uninterrupted until such sale was made, or in case such sale was made, or terms agreed upon, prior to the brokers receiving notice from the owner that the contract was terminated. Reid v. McNeevey, 103 N. W. 1001: Humphrey v. Transp. Co., 73 N. W. 422; Howe v. Werner, 44 Pac. 511; Gresham v. Connelley, 41 S. E. 42; Sylvester v. Johnson, 75 S. W. 923; Butler v. Kennard, 36 N. W. 579; Potvin v. Curron, 14 N. W. 400; Scott v. Clark, 54 N. W. 538; Lloyd v. Matthews, 51 N. Y. 124; Marlatt v. Elliott, 77 Pac. 104; Plant v. Thompson, 22 Pac. 726; Cunliff v. Housman, 71 S. W. 368; Heaton v. Edwards, 51 N. W. 544; Veatch v. Norman, 69 S. W. 472; Knox v. Parker, 25 Pac. 909.

It is not permissible to single out certain facts upon which to predicate a finding thereby excluding all other facts and circumstances in proof. McCormick v. Henderson, 75 S. W. 171, and cases cited.

REID & HERVEY, for Appellee.

Findings of fact by a trial court, like the verdict of a jury, will not be disturbed where there is any substantial evidence to support them. Zanz v. Stover, 2 N. M. 29; Romero v. Desmarais, 5 N. M. 142; Newcomb v. White, 5 N. M. 435; Torlina v. Trorlicht, 6 N. M. 54; Perea v. Barela, 6 N. M. 239; Lynch v. Grayson, 7 N. M. 26; Gale v. Salas, 11 N. M. 210; Romero v. Coleman, 11 N. M. 533; Rush v. Fletcher, 11 N. M. 555; Brown v. Lockhart, 12 N. M. 10.

Where an agent, without the consent of his principal, makes use of his agency to acquire or promote interests, which are directly inimical to those of his principal, he will not be allowed to recover compensation for his services. Salomons v. Pender, 3 H. & C. 639; McGar v. Adams, 65 Ala. 106; Lary v. Baker, 86 Ga. 468; Hobson v. Peake, 44 La. Ann. 383; Janson v. Williams, 36 Neb. 869; Murray v. Beard, 102 N. Y. 505; Diringer

v. Meyer, 42 Wis. 311, 24 Am. Rep. 415; Singer v. Mc-
Cormick, 4 W. & S., Pa. 265; Jaffray v. King, 34 Md.
217; Adams Exp. Co. v. Trego, 35 Md. 47; Orr v. Ward,
73 Ill. 318; Gardner v. McCutcheon, 4 Beav. 534; Spotts-
wood v. Barrow, 5 W. H. & G. 110; Ridgway v. Market
Co., 3 Ad. & E. 171; Armor v. Fearon, 9 Ad. & E. 548;
Horton v. McMurtry, 5 Hurl. & N. 667; Callo v. Brounc-
ker, 4 C. & P. 518; Atkin v. Acton, 4 C. & P. 208; Lacy
v. Osbaldiston, 8 C. & P. 80; Read v. Dunsmore, 9 C. &
P. 588; Nichol v. Martyn, 2 Esp. 732; Henderson v.
Hydraulic Works, 9 Phila., Pa. 100; Bixby v. Parsons.
49 Conn. 483, 44 Am. Rep. 246; Chicago, etc., Ry. Co.
v. Bayfield, 37 Mich. 205; Hofflin v. Moss, 67 Fed. 440.
14 C. C. A. 459, 32 U. S. App. 200.

OPINION OF THE COURT.

MILLS, C. J.—This case was tried by the court below
sitting without a jury. The court made findings of facts,
which were before us on this appeal, and according to the
rule frequently enunciated by this court such findings of
facts, and the judgment entered thereon, like the ver-
dict of a jury, will not be disturbed where there is sub-
stantial evidence to support them. Zanz v. Stover, 2
N. M. 29; Romero v. Desmarais, 5 N. M. 142; Torlina
v. Torlicht, 5 N. M. 148; Newcomb v. White, 5 N.
M. 435; Torlina v. Torlicht, 6 N. M. 54; Perea v. Barela,
6 N. M. 239; Lynch v. Grayson, 7 N. M. 26; Gale v.
Salas, 11 N. M. 210; Romero v. Coleman, 11 N. M. 533;
Rush v. Fletcher, 11 N. M. 555; Brown v. Lockhart, 12
N. M. 16.

This suit was brought to collect a brokerage or com-
mission of five dollars per acre on the sale of two hun-
dred and forty acres of land.

The appellee herein admits that for himself and as
agent for one L. R. Sperry, he listed the land for the sale
of which the brokerage or commission is claimed, for sale,
early in September, A. D. 1905, for the period of thirty
days, with one Harry Hamilton, who in turn re-listed it for
sale with The Pecos Valley Immigration Co., appellant

herein and that in October of the same year he renewed such listing for thirty days, which second listing expired on November 9th, A. D. 1905. Appellee also testified that after November 9th A. D. 1905, he refused to list the land with any one, although requested so to do, without reserving the right to sell it himself. He also testified that when solicited to relist the property for sale and when he refused to do so, he gave appellant's representative the description of the land, and said that if they produced the purchase price before he sold it, that appellant would be entitled to whatever commission he made over and above the net price he had set on the property. It also appears that in January, A. D. 1906, appellee sold the land to one Kaufman, who first came to New Mexico in the winter of 1905 on an excursion run under the auspices of the appellant.

The evidence in this, as in nearly all contested cases, is conflicting to some extent, but there is ample testimony to sustain the finding of the learned judge who tried the case, that, "The listing of defendant's property with plaintiff expired in November, 1905, and said company did not have it for sale when Kaufman came to Artesia in December, 1905." We think that not only this, but that all of the facts found by the court are eminently proper, and that the weight of the evidence as disclosed by the printed transcript which is before us, sustains them.

We are particularly struck by the clear and positive evidence of the defendant Cecil, appellee herein. He does not appear to have sought to conceal anything, but evidently has tried to detail all of the facts relevant to the issues in the case just as he remembered them.

The court also found as a conclusion of law, that: "The facts of the case do not bring it within the decisions which hold that a sale by a party direct leaves the factor's right to the commission intact, where the latter has furnished the customer and has thus been the procuring cause of the sale. Such cases presuppose and assume relationship of principal and agent which the court in this case finds did not exist."

As the court below found that the contract allowing appellant to sell the land expired in November, 1905, and as at the time the same was made to Kaufman, in January, 1906, by the appellee, the appellant had nothing to do with the disposition of the land, this finding of the court is correct, and appellant is clearly not entitled to any commission on the sale.

We have not considered it necessary to take up in detail the many exceptions urged by counsel for appellant, as we think that this opinion fairly covers the merits of the case, and as there is no error apparent in the record or in the judgment entered by the court below, the same is therefore affirmed, and, It is so ordered.