[No. 1337, September 1, 1910.]

P. H. GOESLING and ADOLPH GOESLING, Partners,
   Doing Business Under the Firm Name and Style of
   Goesling Brothers, Appellees, v. GROSS, KELLY &
   COMPANY, a Corporation, Appellant.

### SYLLABUS (BY THE COURT.)

1.   Allegations as to time need not be proven with
precision.

2.   The evidence in this case examined and held that
appellant was appellee's factor.

3.   Where instructions given by principal to a factor
were not contemporaneously with the advancement or con-
signment, but were given before the sale and were received,
accepted and acquiesced in, such instructions were as bind-
ing upon the factor as if given at the time of the advance-
ment or consignment.

4. Held there were no disputed questions of fact requiring the submission of the case to the jury.

5. Where a principal instructed his factor to hold wool consigned by the principal at a certain price and factor failed to hold and sold at a lower price. Held, upon suit brought by principal to recover damages from factor the principal is entitled to recover of the factor the difference between what the wool actually sold for, and the highest price attained by the wool up to the date of the trial, not to exceed the limit fixed by the principal.

Appeal from the District Court for Bernalillo County before IRA A. ABBOTT, Associate Justice. Affirmed.

E. W. DOBSON for Appellant.

Appellant was agent not factor. 3 Words and Phrases 2640; 19 Cyc. 186; Eickel v. Sawyer, 44 Fed. 845; Delaune v. Agar, La., McGloin 97, 100; State v. Thompson, 25 S. W. 346, 348, 120 Mo. 12; Story Ag., sec. 33; Edgerton v. Michels, 26 N. W. 748, 750, 66 Wis. 124; Ruffner v. Hewitt, 7 W. Va., 585, 604, 605; Commonwealth v. Keller, 9 Pa. Co., Ct. Rep. 253, 255; Graham v. Duckwall, 71 Ky., 8 Bush. 12, 17; Kellogg v. Costello, 67 N. W. 24, 26, 93 Wis. 232; Higgins v. Moore, 34 N. Y. 417, 418.

Right of factor to control property for his interest and indemnity. Talcott v. Chew, 27 Fed. 276; Heffner v. Gynne-Treadwell Cotton Co., 160 Fed. 635, 87 C. C. A. 606; The Frances, 8 Cranch, 418, 419, 3 L. ed., 609; Brown v. McGran, 14 Peters, 479, 10 L. ed. 550; Field v. Farrington, 10 Wall. 141, 19 L. ed. 923; Eichel v. Sawyer, C. C., 44 Fed. 845, 850; Field v. Farrington, 10 Wall. 141; Brown v. McGran, 14 Pet. 479, L. ed. 10, 550.

Disputed questions of fact should have been submitted to the jury. Aetna Indemnity Co. v. J. R. Crowe Coal & Mining Co., 154 Fed. 545; Etting v. Bank, 11 Wheat. 59, 6 L. ed. 419; Rankin v. Fidelity Trust Co., 189 U. S. 242, 253, 23 Sup. Ct. 553, 557, 47 L. ed. 792; Railway Co. v. Ives, 144 U. S. 408, 417; Chicago & N. W. Ry. Co. v. De Clow, 124 Fed. 142, 145, 61 C. C. A. 34, 37; Trav-

Goesling v. Gross, Kelly & Co.

elers' Ins. Co. v. Melick, 65 Fed. 178, 181, 12 C. C. A. 544, 547, 27 L. R. A. 629; Railway Co. v. Jarvi, 3 C. C. A. 433, 437, 438, 53 Fed. 65, 69; Fuel Co. v. Danielson, 6 C. C. A. 636, 57 Fed. 915; Railroad Co. v. Kelley's Adm'rs, 3 C. C. A. 589, 593, 53 Fed. 459, 463; Railway Co. v. Ellis, 4 C. C. A. 454, 456, 54 Fed. 481, 483; McNamee v. Hunt, 87 Fed. 298, 301, 30 C. C. A. 653, 655; West v. Smith, 101 U. S. 263, 270, 25 L. ed. 809; Brown v. McGran, 14 Pet. 477, 493, 10 L. ed. 550; Goddard v. Foster, 17 Wall. 123, 142, 21 L. ed. 589; Blakely v. Gregg, 8 Wall. 242, 268, 19 L. ed. 409; Barreda v. Silsbee, 21 How. 146, 167, 16 L. ed. 86; Turner v. Yates, 16 How. 14, 23, 14 L. ed. 824; Richardson v. City of Boston, 19 How. 263, 270, 15 L. ed. 639; Nash v. Classon, 45 N. E. 276, 277, 163 Ill. 409; Roberts v. Bonaparte, 20 Atl. 918, 73 Md. 191, 10 L. R. A. 689; Eureka Fertilizer Co. v. Baltimore, etc., R. Co., 27 Atl. 1035, 1036, 78 Md. 179; Gassett v. Glazier, 43 N. E. 193, 195, 165 Mass. 373; 1 Thompson on Trials, sections 1086, 1113, 1114; 4 Wigmore on Evidence, sec. 2556; Sigerson v. Pomeroy & Andrews, 13 Mo. 620.

A factor who wrongfully sells goods of his principal below the price limited in his instructions, is presumptively liable for damages as if the limited price were the true value of the goods, but evidence that the factor acted in good faith, and the limited price could not have been realized, and that the property was sold at the full market price at the time of the sale, is admissible and then if the factor is liable at all, he is liable for the highest value that the wool, of the same kind and character of appellee's, was sold for at any time up to the institution of the suit. Frothingham v. Everton, 12 N. H. 239; George McNeill, 26 Am. Dec. 498.

NEILL B. FIELD for Appellees.

Allegations of time, quantity, value, etc., need not be proved with precision. C. L. 1897, sec. 2685, sub-secs. 68, 78, 85, 94, 96; U. S. v. Le Baron, 4 Wall. 648; Grayson v. Lynch, 163 U. S. 476; Marshall v. Russell, 44 N.

H. 509; Little v. Blunt, 33 Mass. 365; Jordan v. Cooper, 3 Serg. & Raw., Pa., 576; Biven v. Bostwick, 70 Cal. 639.

Defendant was plaintiff's factor. Slack v. Tucker, 23 Wall. 330; Heffner v. Gwynne-Treadwell Cotton Co., 160 Fed. Rep. 638, 639; Brown v. McGran, 14 Peters 479; Field v. Farrington, 10 Wall. 141; Gallagher v. Jones, 129 U. S. 193.

There was no conflict of evidence upon any material point. Rankin v. Fidelity Trust Co., 189 U. S. 253; McGuire v. Blount, 199 U. S. 147, 148; Empire State Cattle Co. v. Atchison Ry. Co., 210 U. S. 9, 10; Noble v. Crane & Co., 169 Fed. Rep. 59, 60; Railway Co. v. Lowery, 74 Fed. Rep. 463; Travelers' Ins. Co. v. Randolph, 78 Fed. Rep. 754.

The measure of damages adopted by the court below is not properly reviewable in this court. Cunningham v. Springer, 204 U. S. 647; George v. Emery, 107 Pac. 3; T. & P. Ry. Co. v. Book, 151 U. S. 73; Frothingham v. Everton, 12 N. H. 239; Maynard v. Pease, 99 Mass. 555; Sutherland on Damages, vol. 3, sec. 777, vol. 4, sec. 1119; McKinley v. Williams, 74 Fed. Rep. 103; Loraine v. Cartwright, 15 Fed. Cases 870; George v. Emery, 107 Pac. Rep. 3.

### STATEMENT OF THE CASE.

This suit was brought by appellees against appellant to recover damages. The appellees alleging that appellant as their factor had in its possession a large amount of wool, which appellees had instructed appellant to hold for 18 cents per pound, but that appellant had failed to obey said instruction and had sold said wool at a less price to appellee's damage. Appellant denied relation of factor. Case was tried to a jury. Verdict directed in favor of appellees.

### OPINION OF THE COURT.

MECHEM, J.—1. As to appellant's first proposition that there was no evidence to support certain allegations of the complaint, we can say that after a careful reading

of the evidence contained in the record, and the pleadings, that there was ample evidence to sustain the allegations of the complaint. True, there were, as pointed out by appellant, variances as to the time appellees gave appellant instructions as to the price at which the wool was to be sold, but such an allegation need not be proven with precision. U. S. v. Le Baron, 4 Wall. 648; Grayson v. Lynch, 163 U. S. 476, 477.

2. The position of appellees below was that appellant was their factor and such was the view of the trial court.

The appellant, however, insists that it was only an agent in the transaction and that no other conclusion can be drawn from the evidence.

This question does not seem attended with as much difficulty as appellant endeavors to surround it.

The Supreme Court of the United States, in Stark v. Tucker, 23 Wall. 330, thus distinguishes between a factor and a broker:

"The difference between a factor or commission merchant and a broker, is stated by all the books to be this: A factor may buy and sell in his own name, and he has the goods in his possession; while a broker, as such, cannot ordinarily buy or sell in his own name, and has no possesion of the goods sold."

In Words and Phrases, vol. 3, page 2640, the term "factor" is defined as follows:

"A factor is generally defined to be an agent to sell goods or merchandise consigned or delivered to him by or for his principal for a compensation, commonly called 'factorage' or 'commission' citing numerous cases."

The evidence discloses the following facts:

Appellees being desirous of getting a better price for their wool, during the month of September, 1907, opened negotiations with appellant through its Mr. Arnot, manager of its Albuquerque house, with a view of obtaining an advance. Mr. Arnot after a short time informed one of the appellees that Coates Bros. of Philadelphia, Pa., would make an advance of five cents per pound. This being satisfactory to appellees, Mr. Arnot telephoned Mr. McTavish of Becker-Blackwell Co., of Magdalena, where

appellees had their wool stored, to ship same to Philadelphia, Pa., consigned to appellant and send bill of lading to Mr. Arnot at Albuquerque. This being done, appellant drew a draft upon Coates Bros. for the amount of five cents per pound, attached same to the bill of lading, which was assigned by appellant to Coates Bros. The draft was duly paid and appellant upon receiving the proceeds deposited the same to the credit of appellee in the First National Bank of Albuquerque.

Owing to the panic the price of wool was off and it was understood by appellant and appellees that the wool was not to be sold at panic prices. Thereafter appellees say that they by letter instructed appellant to hold said wool at eighteen cents, f. o. b. Philadelphia, Mr. Arnot testifying in behalf of appellant would not deny that appellant had received such instruction by letter, but from numerous letters introduced in evidence, written by appellant to appellee and to Coates Bros., it is evident that appellees had instructed appellant to hold the wool for eighteen cents as above stated and that appellant acquiesced in and accepted such instructions so that the same were as binding upon appellant as if made upon the date of the consignment.

The wool was sold May 22, 1908, and sales statement made by Coates Bros. direct to appellant May 22, 1908, and sales statement made by appellant to appellees July 7, 1908.

Two members of the firm of Coates Bros. testified that they never knew appellees, in the transaction, that they received, advanced money on, held and sold the wool as appellants. Coates Bros. were not appellee's factors. They were appellants', and appellants sustained the same relation to appellee. Had the price of wool fallen to where the advance was used up, Coates Bros. would have looked to appellant to make it up and appellant to appellees. So too, as it is the duty of a factor, before selling at a lower figure than he was instructed to hold out for, to call upon his principal to refund the advances and charges. So Coates Bros. would have called upon appellant and appel-

lees and before ordering Coates Bros. to sell, appellant should have called upon appellees.

3. Appellant by its third assignment of error says the court committed error in not submitting to the jury disputed questions of fact and our attention is called by appellant to three points upon which it claims there was dispute, and we have examined the evidence carefully in relation thereto and find that as to one matter there was no dispute, upon the second the dispute was immaterial and as to the third it was a question of law to be drawn from undisputed facts.

4. The court in rendering judgment in favor of appellees gave them the difference between the amount the wool was sold for and the price appellees directed the appellant to hold it for. Appellant argues that the recovery should have been, if at all, for the difference between what the wool brought and the highest market price up to the time suit was instituted, not to exceed 18 cents.

With this view, we cannot agree. The measure of damages given by the court was correct. The appellants were instructed to hold the wool for eighteen cents per pound, and if appellees could show that within a reasonable time after the sale and before the trial of the cause that the market price of that wool equalled eighteen cents, they were entitled to the difference between what the wool actually brought and the eighteen cents. It was shown that wool of the class of the wool in controversy went to eighteen cents in Philadelphia in December following the sale. Maynard v. Pease, 99 Mass. 355. Also see 28 Am. & Eng. Ency. of Law 719, where it is said:

"In many cases, however, in trover for conversion by reason of the wrongful taking, detention or disposition of chattels, the plaintiff has been allowed to recover, where the value of the chattel fluctuated between the time of such conversion and the time of trial, the highest market value during such time."

In this case, where a limitation was made by contract, it would seem if, before the trial, the article attains the price limited, that recovery can be had up to that figure

Territory ex rel v. Suddith et al.

or up to any intermediate figure between the price sold for and the limit set.

It may also be suggested that upon the question of the measure of damages, appellant made no intimation at the trial of what it thought the measure should be, nor can we say from the motion for a new trial that the court's attention was directed to what now appellant claims as error.

There being no error the judgment of the lower court is affirmed.