## FLEISCHER V. WAAS.

### SYLLABUS BY THE COURT

In a suit by a commission broker to recover a commission, the date upon which the premises were listed for sale need not be proven exactly as charged in the complaint; such time not being a controlling factor, so long as such broker, while having such premises listed for sale, procures a prospective purchaser who is ready, able, and willing to buy at the price and upon the terms at which they were listed.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Suit by A. Fleischer against Allan H. Waas. From a judgment for defendant, plaintiff appeals. Reversed and remanded, with directions.

Thomas J. Mabry, of Albuquerque, for appellant.

Marron & Wood, of Albuquerque, for appellee.

### OPINION OF THE COURT

BRATTON, J. This is a suit brought by the appellant, a commission broker, to recover from the appellee the sum of $250, charged to be due for services rendered in procuring a prospective purchaser who was ready, able, and willing to buy certain described premises situated in the city of Albuquerque, which belonged to the appellee, and which had been listed with the appellant for sale. A trial before the court without a jury resulted in a judgment in appellee's favor, from which this appeal has been perfected.

The only question before us which requires consideration involves the correctness of the court's action in excluding certain tendered evidence with regard to the time at which the premises in question were listed with the appellant for sale. In the complaint it was charged that such premises were listed "on or about the 30th day of January, 1920." Upon the trial, appellant sought to prove that they were listed with him on Jan-

uary 5, 1920. Upon appellee's objection this testimony was excluded by the trial court because it did not come within the pleadings.

It is to be noted at the outset that the complaint does not charge with exactness nor precision that the premises were listed on the 30th day of January; it is not even charged with the usual videlicet, but is alleged to have been done on or about such date. This form of allegation, when considered in connection with the fact that the time when such listing occurred is not of the essence and is not a controlling factor in the case, leads us to conclude that the proof was admissible. The material and controlling factors are whether or not, after such premises had been listed with the appellant, he procured a prospective purchaser who was then and there ready, able, and willing to buy and purchase the same, at the price and upon the terms at which they were listed. The time of such listing is incidental, so long as the prospective purchaser was so procured during the time the appellant had such premises for sale. For these reasons, such proof need not conform with exactness or precision to the date laid in the complaint and need not be literally proven as charged.

In Goesling v. Gross, Kelly & Co., 15 N. M. 721, 113 Pac. 608, the complaint charged that certain instructions pertaining to the price to be obtained for certain wool then in the possession of the factor were given at a certain time; the proof showed such instructions were given at a different time. In holding that such date need not be proven exactly as charged, the court said:

"As to appellant's first proposition that there was no evidence to support certain allegations of the complaint, we can say that, after a careful reading of the evidence contained in the record and pleading, that there was ample evidence to sustain the allegations of the complaint. True, there were, as pointed out by appellant, variances as to the time appellees gave appellant instructions as to the price at which the wool was to be sold, but such an allegation need not be proven with precision."

In Beason v. Western Meat Co., 40 Utah 398, 124

Pac. 335, the plaintiff sought to recover a commission upon the sale of certain live stock. He charged in his pleading that he was employed between the 1st day of August, 1908, and the 1st day of January, 1909. The proof showed that he was employed during July, 1908, and that he made his first report under date of July 21st, of that year. The court held the date of such employment need not be proven exactly as laid in the pleading. It is there said:

"Appellant's counsel has cited a large number of cases wherein it is held that, under circumstances like those present in this case, time is not of the essence and is not a material or controlling factor in the case. It is not necessary for us to refer to the numerous cases, since the law is elementary that an allegation of time, under the circumstances of this case, is not controlling, and the party responsible for such an allegation, is not bound to prove it literally, but may show the actual transaction, although it occurred at a time other than alleged. Under circumstances like those in this case, it is the transaction, rather than the time at which it occurred, that is the material thing."

"Time is usually immaterial and need not be proved as laid; but when material, as a matter of description, strict proof is necessary." 31 Cyc. 706.

Cases may arise where the date sought to be proven is so far different from that alleged that the variance would be so great as to mislead and prejudice the opposite party, but no such conditions obtain here. The two dates involved were only 25 days apart, and under such circumstances are not too remote. We think the evidence should have been admitted, and that the court erred in excluding the same.

For the error committed, the judgment must be reversed, and the cause remanded, with directions to award a new trial, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.