131 P.2d 267

**WILLIAMS v. ENGLER.**

No. 4720.

Supreme Court of New Mexico.

Oct. 10, 1942.

R. R. Posey, of Las Cruces, for appellant.

Holt & Holt, of Las Cruces, for appellee.

MABRY, Justice.

Appellee Williams sued to recover of appellant Engler $750 for broker's commission claimed due him for securing a purchaser for appellant's property. Defendant-appellant resisted the claim upon the ground that appellee had not performed any services within the terms of the broker's agreement and the listing of the property in question.

It is the contention of appellee Williams that appellant listed with him, a broker, for sale, a certain 60-acre tract of land with farming tools and equipment, for a cash consideration of $15,000, agreeing to pay broker 5% of the list price, or $750, as broker's commission if appellee would procure a buyer for the land at the price aforesaid. Appellant claims that he did not list the property for $15,000, but, on the contrary, listed it for $20,000, including the farming implements, tools and equipments mentioned.

The substance of appellant's defense seems to have been that appellee mistakes, or mis-states, the price at which the property was listed for sale, which, he claims, was for $20,000, and that when appellee produced the buyer in question, ready, able and willing to pay $15,000 for the land and equipment, appellee was not meeting the terms of the broker's agreement.

The trial court made the following findings of fact and conclusions of law to which appellant excepted generally, only:

1. That the property in question was listed by the defendant with the plaintiff and placed in his hands for sale as real estate agent or broker in the fall of 1940 at $15,000 cash, including all equipment on the property, the plaintiff to receive in case of sale a commission of five per cent on such sum of $15,000.

2. After so doing and before the end of the year 1940, the defendant cancelled and recalled such listing with plaintiff.

3. Thereupon in the early part of the year 1941, but not later than the month of March of that year, the defendant again listed the property with the plaintiff and again placed it in his hands for sale on the same terms as was done in the fall of 1940.

4. Some time in June, 1941, as such real estate agent or broker, the plaintiff priced the property to the witness Wilson at $15,000 and showed him the property and introduced him to the defendant.

5. Shortly thereafter, in July 1941, Wilson decided to purchase the property at the price of $15,000 and defendant was so duly notified.

6. Upon being notified the defendant refused to make sale at such price, no change

up to that time having been made as between plaintiff and defendant as to the list price of $15,000.

7. At the time said Wilson so agreed to purchase the property, he was ready, willing and able to pay the said sum of $15,000.

The court concluded as a matter of law that the plaintiff is entitled to recover from the defendant as his brokerage commission the sum of $750.

Under substantially two points appellant challenges the court's refusal to make his certain requested findings and the findings as made by the court. All these questions which appellant sought by findings to have resolved in his favor were, in substance, as to all of them material to the issues presented, resolved against him by the court's own findings and conclusions.

It is clear that the sole issue of fact before the trial court under the pleadings and the evidence was whether appellant had listed for sale his land and chattels with appellee Williams on or about the month of March, 1941, at a price of $15,-000 or whether the price was to be $20,-000, as contended by appellant.

Counsel for appellee raises the question whether proper assignments of error, or objections to findings made and refused, have been made so as to invoke in this court a determination of the question arising from the facts, as well as that arising from the law hereafter to be noticed. Although appellant made only general objections to the court's findings, he probably saved the principal question for review by certain of his requested findings. Epstein v. Waas, 28 N.M. 608, 216 P. 506. In any event the questions presented, under the circumstances, being so easy of disposition upon the merits, we do not pause to further consider or determine whether appellee's contention in respect to exceptions reserved is sound.

We hold there is substantial evidence to support the court's ultimate findings, and each of them, and that no error is to be found in the court's refusal to adopt appellant's requested findings of fact. The record discloses a clear-cut dispute between the parties bearing upon the second listing of March, 1941, upon which appellee bases his claim that he procured a purchaser, ready, able and willing to take the property at the price of $15,000; and, there being substantial evidence to support such findings, our inquiry there ends. We have spoken upon this substantial evidence rule so often that citation of authority ought not be required; but, see Territory v. Sais, 15 N.M. 171, 103 P. 980; Chesher v. Shafter Lake Clay Co., 45 N.M. 419, 115 P.2d 636; Snodgrass v. Turner Tourist Hotels, 45 N.M. 50, 109 P.2d 775. We consider, in determining whether evidence is insufficient to sustain trial judge's findings, only that evidence and the inference to be drawn therefrom which support the findings of the trier of facts; we do not consider evidence unfavorable to the findings. Valdez v. Salazar, 45 N.M. 1, 107 P.2d 862.

It is not contended that there was a written contract of listing, or employ-

ment, between the parties nor was it contended during the trial that a written contract was required. As we view the issues, under the contract as found by the court, appellee performed his duty and earned his commission of 5% when he found and introduced to appellant a buyer who was ready, able and willing to pay the purchase price at which the property was listed with him for sale, viz., $15,000. It is conceded that appellant would have accepted the purchaser Williams as a buyer at a price of $20,000. Appellant did not contend in the court below that it was necessary that a binding contract between him and the buyer should be executed before appellee should become entitled to his commission. Absent such a provision in the agreement with the owner of lands listed with a broker, such a written contract is not required. Moore v. Mazon Estate, Inc., 24 N.M. 666, 175 P. 714; See, also, 9 C.J. 609, § 93; 12 C.J.S., Brokers, § 89.

This case presents no circumstances which would vary the general and quite universal rule that the broker has earned, and is entitled to, his commission, under the character of agreement here relied upon, when he has procured a purchaser who either consummates the purchase, or who is ready, able and willing to do so upon the terms given to the agent by the owner. Fleischer v. Waas, 29 N.M. 80, 218 P. 343; Jackson v. Brower, 22 N.M. 615, 167 P. 6; Stacey v. Whalen, 33 N.M. 577, 273 P. 761; Phillips v. Brown et al.,

21 Idaho 62, 120 P. 454. The law will, moreover, support the broker's claim for a fee where he is the procuring cause of a sale notwithstanding the fact that he did not disclose the name of the prospective purchaser to his principal. Byerts v. Schmidt, 25 N.M. 219, 180 P. 284. Of course, the relation of principal and agent, as between the owner and broker, must exist in fact as a basis for a commission. Pecos Valley Im. Co. v. Cecil, 15 N.M. 45, 99 P. 695. In view of the court's findings and the evidence in support thereof, the fact of agency cannot here be questioned. Bearing upon the general rule that the agent, in the absence of a contract to the contrary, has earned his commission when he has produced a purchaser ready, able and willing to purchase upon the terms of the listing, see the following authorities: 8 Am.Jur. 1090, Sec. 174; 9 C.J. 595, 596, § 87; and cases cited under note 33, 12 C.J. S., Brokers, § 85; 4 R.C.L. 310; Payne v. Ponder, 139 Ga. 283, 286, 77 S.E. 32.

Appellant is in error in contending here that a written agreement between appellant and the purchaser, or that a consummated sale, was a pre-requisite to a completion of the transaction and a condition precedent to appellee's becoming entitled to his commission. The findings of the court do not support any claim that there was to be such an agreement; and the law governing such transactions, absent such agreement, is contrary to appellant's contention.

Finding no error, the judgment is affirmed, and it is so ordered.

BRICE, C. J., and SADLER and BICKLEY, JJ., concur.

ZINN, J., did not participate.