201 P.2d 365

## RICE v. GILLILAND.

### No. 5151.

Supreme Court of New Mexico.

Dec. 21, 1948.

Frazier, Quantius & Cusack, of Roswell, for appellant.

G. T. Watts, of Roswell, for appellee.

McGHEE, Justice.

The appellant seeks the reversal of a judgment denying him a real estate commission claimed to be due for procuring a purchaser ready, willing and able to purchase real property listed with him by the appellee. We will refer to the parties as they appeared in the trial court.

The trial court made the following findings of fact and conclusions of law:

"Findings of Fact

"1. That plaintiff was at all times material to this case a real estate broker in the City of Roswell, New Mexico.

"2. That the defendant listed with plaintiff for sale real estate located at 908 W. Hendricks Street, Roswell, New Mexico, at a sale price of $6,200.00, agreeing to pay five percent commission, and upon the condition that the defendant had property in Roswell and desired to purchase other real estate adjacent thereto, and that his being able to purchase said real estate adjacent to that then owned by him before or at the time a sale was made of the property at 908 W. Hendricks Street was a condition precedent to the sale of the said Hendricks Street property.

"3. That plaintiff procured and presented to defendant one Jerry Ward who was able, ready and willing to purchase the defendant's property for cash, but at the time plaintiff procured said purchaser the defendant had not been able to purchase the property adjacent to that property previously owned by him.

"4. That the defendant advised the prospective purchaser Jerry Ward and the plaintiff that he would be unable to consummate the sale until and unless he was able to buy the property adjacent to that property previously owned by the defendant, and made many efforts from time to time to purchase the desired property.

"5. That subsequent to the time the plaintiff produced the prospective purchaser Jerry Ward, the defendant through negotiations with a friend of the owner of the property which the defendant desired to buy entered into a contract to purchase the desired property and sold to his friend the property which had been listed with the plaintiff. This property was conveyed for a cash consideration of $6100.00.

"6. That subsequent to the defendant's purchase of the property he desired and the sale of the property which had been listed with the plaintiff, plaintiff requested his commission upon the sale of the property which request was refused by the defendant because the plaintiff had not met the conditions of the sale and of the listing. The defendant then offered the plaintiff the sum of $50.00 to reimburse him for his expenses and time in connection with his efforts to sell the property for the defendant.

"From the foregoing Findings of Fact, the Court makes the following

"Conclusions of Law.

"1. That the listing of the property with the plaintiff was a conditional one and that the condition was not carried out by the plaintiff or any other person so as to enable the defendant to deal with the prospective purchaser procured by the plaintiff.

"2. That the plaintiff is entitled to no commission as a result of the procurement by him of a prospective purchaser because of his failure to meet the condition of the listing."

The plaintiff attacks the findings of fact that there was any condition whatever attached to the listing, and asserts that even if the finding that the listing was conditioned upon the defendant being able to purchase the property next door to his place of business, that it was met, and that there was no obligation on the part of the plaintiff to procure or assist in the purchase of the other property.

By viewing the testimony in the light most favorable to the defendant, the finding that the listing was conditioned upon his being able to purchase the property next door may be sustained, but there is not a scintilla of evidence from which any inference may be drawn that the plaintiff was to assist in any way in inducing the owner of such property to sell it to the defendant. The sole condition of the listing was that the defendant purchase such

property. He did so purchase it while the buyer produced by the plaintiff was still ready, willing and able to go through with the deal and he owes the commission. Williams v. Engler, 46 N.M. 454, 131 P.2d 267. The fact that he sold the listed property to another did not relieve him of his contract with the plaintiff.

The judgment will be reversed and the case remanded to the district court with instructions to render judgment for the plaintiff as prayed in the complaint, and it is so ordered.

BRICE, C.J., and LUJAN, SADLER, and COMPTON, JJ., concur.