485 P.2d 970

Robert KATSON, Plaintiff-Appellant,

v.

John FIDEL, T. N. Fidel and Clara Fidel, his wife, and Rose Fidel, Defendants-Appellees.

No. 9199.

Supreme Court of New Mexico.

June 7, 1971.

McAtee, Marchiondo & Berry, O. L. Puccini, Jr., Albuquerque, for appellant.

J. Victor Pongetti, Iden & Johnson, Eric D. Lanphere, Albuquerque, for appellees.

## OPINION

COMPTON, Chief Justice.

This action was commenced in the District Court of Bernalillo County, New Mexico, to recover broker's commission based upon the negotiation and procurement of a lease of the El Fidel Hotel in Albuquerque. Trial was without a jury, and from a judgment denying relief, the plaintiff Katson has appealed.

Appellant, a licensed real estate broker, was instrumental in negotiating a lease agreement between the defendants Fidel, as lessors, and C. W. Cole, as lessee. The lease was for twenty-five years, commencing October 15, 1958. On September 13, 1960, Katson and Fidel executed an agreement relating to Katson's commission for procuring the lease, the pertinent provision of which reads:

"First Parties promise and agree to pay Second Party for his said services in procuring the aforesaid lease agreement, the sum of four percent (4%) on the gross amount received by Lessors, under the provisions of the aforesaid lease agreement; that said sum is to be paid monthly and is to be computed on the basis of the amount received by First Parties, including all advancements."

In March 1965, Cole, with Fidels' consent, assigned the lease to Cole Hotel, Inc. On December 31, 1965, Fidels and Cole Hotel, Inc. agreed to sublease the premises to Packard-Bell Electronics Corporation. In July 1967, Fidels' attorney notified C. W. Cole and Cole Hotel, Inc. that they were in default on the lease for failure to pay certain taxes, and for failure to keep the liquor license on the premises active. Under the provisions of the lease, Cole had twenty days in which to cure the defects, which he failed to do. On August 24, 1967, the lease terminated. On November 16, 1967, after Fidels had filed suit for declaratory judgment, the court entered judgment decreeing that neither Cole nor Cole Hotel, Inc. had any further interest in the premises, or in the lease itself.

Appellant has received no monthly commission fees since August 1967, and the primary question is whether he is entitled to a broker's commission after August 1967, when the lease terminated.

It is a general rule that a broker has earned his commission when he produces a prospect who is ready, willing and able to purchase on terms agreeable to the seller. Stewart v. Brock, 60 N.M. 216, 290 P.2d 682 (and cases cited therein). But a broker and his principal may agree to make the broker's commission payable upon a specified contingency. Harp v. Gourley, 68 N.M. 162, 359 P.2d 942; Ballas v. Lake Weir Light & Water Co., 100 Fla. 913, 130 So. 421. Also see 12 Am.Jur.2d, Brokers, § 205 at 948. We think it is clear that appellant's commission was payable only from the rents collected.

Appellant's contention that appellees' tenants and lessees were procured as a direct and proximate result of the efforts of the appellant is without merit. At the trial we have his testimony, as follows:

"Q. Do I understand you correctly, Mr. Katson, you had nothing whatsoever to do with getting Packard-Bell and the Fidels together on a sublease?

A. I did not. I had nothing to do."

In the absence of a contract to the contrary, a broker must be the procuring cause of a sale or transaction to be entitled to his commission. Stacey v. Whalen et ux., 33 N.M. 577, 273 P. 761; Development Sales Company v. McWilliams, 254 Md. 673, 255 A.2d 1. Also see, 12 Am.Jur.2d, Brokers, § 189 at 930. Compare Leimbach v. Nicholson, 219 Md. 440, 149 A.2d 411.

Appellant relies almost entirely on Yrisarri v. Wallis, 76 N.M. 776, 418 P.2d 852. The case is not in point, it is distinguishable on the facts. In the instant case, payment was four percent of the gross amount received by lessors, under the provisions of the lease agreement. In Yrissari, the broker's commission was payable at the time of closing.

The trial court found and concluded:

"2. The brokerage agreement entered into between the plaintiff and the defendants was a contract or a promise to pay the brokerage commission out of a particular fund, that fund being such rents as were actually received under the lease with the specific tenant procured by plaintiff.

"3. The specific fund out of which the plaintiff was to receive his brokerage commission, i. e., the actual rents received by the defendants from the lessee which the plaintiff procured for the defendants, ceased to exist as of August 24, 1967, when the defendants, as lessors, duly terminated the lease in accordance with the lease provisions for termination on account of a default of the lessee."

These findings and conclusions are supported by substantial evidence. It follows the judgment should be affirmed.

It is so ordered.

McMANUS and OMAN, JJ., concur.