This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38519**

**STEPHEN N. GALLEGOS; IGNACIO V. GALLEGOS and JOSE FRANCISCO GALLEGOS, Trustees of the A. MOISES AND AURELIA GALLEGOS FAMILY TRUST, dated December 11, 1999; PHYLLIS HAYES; DOUGLAS RIDLEY; DAVID RIDLEY and MELINDA RIDLEY,**

> Plaintiffs-Appellees,

v.

**ALLAN TOW and SALLIE BUDAGHER,**

> Defendants-Appellants,

and

**BNSF RAILWAY COMPANY, a Delaware corporation,**

> Defendant-Appellee,

and

**GREGORY STEINER and CLARA BUSTAMANTE,**

> Defendants.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James Lawrence Sanchez, District Judge**

Atler Law Firm, P.C.
Timothy J. Atler
Jazmine J. Johnston

Albuquerque, NM

Anthony J. Williams
Los Lunas, NM

for Plaintiffs-Appellees

Allan Tow
Sallie Budagher
Willard, NM

Pro Se Appellants

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Stan N. Harris
Earl E. DeBrine, Jr.
Albuquerque, NM

for Defendant-Appellee BNSF Railway Company

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}**  Defendants Allan Tow and Sallie Budagher, pro se, appeal the district court's final judgment, including a finding of an easement on their land and associated attorney fees for proceedings below. Defendants raise twelve issues that we briefly address in turn. We affirm the district court on each issue.

**DISCUSSION**

**{2}**  "[W]e regard pleadings from pro se litigants with a tolerant eye, but a pro se litigant is not entitled to special privileges because of his pro se status." *Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84. "[T]he appellate court will review the arguments of self-represented litigants to the best of its ability, but cannot respond to unintelligible arguments." *Ross v. Negron-Ross*, 2017-NMCA-061, ¶ 14, 400 P.3d 305. We review Defendants' arguments briefly and to the best of our ability to ensure each proposed error receives review. However, we also repeat our previous advice: "we encourage litigants to consider carefully whether the number of issues they intend to appeal will negatively impact the efficacy with which each of those issues can be presented." *Rio Grande Kennel Club v. City of Albuquerque*, 2008-NMCA-093, ¶ 55, 144 N.M. 636, 190 P.3d 1131.

**Issue One**

**{3}** Defendants' first issue asserts that the district court's judgment was not supported by substantial evidence. "[W]e review the sufficiency of the evidence to support the verdict by examining whether the verdict is supported by such relevant evidence that a reasonable mind would find adequate to support a conclusion." *Morga v. Fedex Ground Package Sys., Inc.*, 2018-NMCA-039, ¶ 11, 420 P.3d 586 (internal quotation marks and citation omitted). "We review all evidence in the light most favorable to the verdict and resolve all conflicts in the light most favorable to the prevailing party." *See id.* (internal quotation marks and citation omitted). "[F]or the purposes of our sufficiency of the evidence review on appeal, under Rule 11-301 [NMRA] a presumption once raised in both jury and non-jury trials continues to have evidentiary force, regardless of the contradictory evidence presented by the party against whom it is employed." *Chapman v. Varela*, 2009-NMSC-041, ¶ 12, 146 N.M. 680, 213 P.3d 1109.

**{4}** Our Legislature has provided a conclusive presumption of an irrigation ditch easement when a party demonstrates five continuous years of irrigation through the ditch. *See* NMSA 1978, § 73-2-5(A) (2005). In its findings of fact and conclusions of law, the district court found an easement exists through Defendants' land to serve and benefit Plaintiffs Gallegos's and Ridley's farms. The district court also found that the Gallegos farm was irrigated through the ditch from 1950 to the beginning of litigation in 2015. Defendant Tow's trial testimony conceded that the Gallegos farm has been irrigated using the ditch from 1999 to the beginning of litigation. The district court also found that the Ridley farm's orchards were irrigated for six to twelve years, two decades before the beginning of litigation, and that Plaintiff Ridley never intended to abandon the easement. Resolving disputes of fact in favor of all Plaintiffs, a reasonable mind could find an easement under the presumption granted by Section 73-2-5(A), and we therefore conclude the district court's judgment was supported by substantial evidence.

**Issue Two**

**{5}** Defendants contest the district court's grant of attorney fees, but do so by arguing that the district court said it would not rely on facts about a diversion canister on the ditch in question. Defendants offer no legal citation or explanation to support how their claim meaningfully attacks the grant of attorney fees. From our review of the record, it does not appear that the district court ever promised not to mention the canister. Instead, the court—while explaining to Defendants why they could not introduce evidence that they mistakenly agreed to remove the canister—indicated that it did not intend to include findings as to whether Defendants' removal of the canister *was a mistake* that increased Defendants' damages. The finding of the district court relevant to attorney fees is that Defendant Tow violated the court order of March 18, 2016, by, among other violations, locking the canister. Defendant Tow is not entitled to relief from a grant of attorney fees compensating Plaintiffs for the litigation necessary to enforce a court order. *See El Paso Prod. Co. v. PWG P'ship*, 1993-NMSC-075, ¶ 31, 116 N.M. 558, 866 P.2d 311 (holding that once a party proves violation of a court order, he or she is entitled to attorney fees incurred in enforcing that order). We are unpersuaded by Defendants' argument and find no error in the district court's grant of attorney fees.

**Issues Three, Four, and Five**

**{6}** Issues Three, Four, and Five all question the district court's creation of a "legal fallacy" called a "permanent" or a "prescriptive/permissive" easement. Though the district court did not explicitly cite Section 73-2-5 in its findings, Plaintiff Gallegos referenced the statute in the first motion hearing thirty-four months prior to the close of trial. Plaintiffs requested in their proposed findings of fact and conclusions of law to the district court a conclusion that they had been "conclusively granted" a "ditch and service road easement" by operation of law under Section 73-2-5. Defendants appear to be aware of the opposing party's reliance on the statute, as the five-year period is cited in their requested findings. Defendants' cited legal authorities do not support their position. To the contrary, *Cox v. Hanlen*, 1998-NMCA-015, ¶ 14, 124 N.M. 529, 953 P.2d 294, posits that the Section 73-2-5 presumption "does not necessarily fit into a particular category of easement origination." *Cox*, 1998-NMCA-015, ¶ 14. *Cox* describes the Section 73-2-5 easements as "similar to a prescriptive easement," but makes clear there is a distinction between a statutory easement and easements created under the common law. *See* 1998-NMCA-015, ¶ 14. Defendants do not argue that our assessment of the statute in *Cox* was incorrect. We are unpersuaded that the district court recognized an easement under any mechanism besides Section 73-2-5, and thus find no error in the district court's finding of an easement as a matter of law.

**Issue Six**

**{7}** Defendants also dispute Plaintiffs' ability to create an easement when an alternative source of water is available. Defendants claim, without authority, that "absolute need" is required for a finding of a prescriptive easement. This argument confuses the requirements of creating easements by necessity and prescription—and even then asserts the incorrect standard. *See Ciolli v. McFarland Land & Cattle Co.*, 2017-NMCA-037, ¶ 16, 392 P.3d 635 (describing *reasonable necessity* as one of the three common law elements of easement by necessity in New Mexico). Moreover, none of the requirements of necessity or prescription are incorporated into the statutory presumption under Section 73-2-5, and nothing in Defendants' cited legal authority states otherwise. We are unpersuaded by Defendants' argument and find no error in the district court's finding of an easement despite a possible alternative water source.

**Issue Seven**

**{8}** Defendants inquire of us whether the district court may disregard some evidence in favor of other evidence. In this case, the district court issued a final judgment following a bench trial where the court sat as finder of fact. *See* Rule 1-052(A) NMRA. Even when the evidence is conflicting—as it almost always is in contested cases—New Mexico has long held that appellate courts will not disturb judgments supported by substantial evidence. *See Pecos Valley Immigr. Co. v. Cecil*, 1909-NMSC-006, ¶ 4, 15 N.M. 45, 99 P. 695 (recognizing the conflicting nature of evidence in nearly all contested cases); *see also In re Estate of Gardner*, 1992-NMCA-122, ¶ 35, 114 N.M. 793, 845 P.2d 1247 (noting that this Court "resolves conflicting evidence in favor of supporting

the district court's finding[s] and conclusions"). We find there to be a reasonable basis for the district court's findings and conclusions, and will not disturb them on appeal.

**Issue Eight**

**{9}** Issue Eight asks the Court if the district court erred in failing to conduct an evidentiary hearing regarding the scope of the found easements. Defendants do not further explain the basis for why the district court should have held a separate evidentiary hearing. Rather, the district court outlined the scope of the easement following trial in its findings and conclusions with regard to dimension and utility. Without further development of this argument, we are unpersuaded by Defendants' assertion and find no error in the district court's entry of judgment without a separate evidentiary hearing.

**Issue Nine**

**{10}** Under Issue Nine, Defendants assert that the district court's "failure to rule" on their codefendant's motion for summary judgment might render the judgment "moot." Defendants further cite that since Plaintiff Gallegos never responded to the motion for summary judgment, it should be deemed granted. To the contrary, the district court suspended briefing on the motion pending settlement negotiations between Plaintiffs and Codefendant BNSF Railway at Defendants' joint request. Defendants do not provide authority for why we should assume a suspended motion should be deemed granted. We are unpersuaded by Defendants' argument and find no error in the district court's judgment with regard to the summary judgment motion.

**Issue Ten**

**{11}** In an argument related to Issue Nine, Defendants assert that the district court created a new water right based on the limited license between Plaintiffs and BNSF Railway. As stated above, Defendants cannot support this claim by relying on BNSF Railway's withdrawn motion for summary judgment. They fail to support the assertion that the district court created a new water right by anything other than reference to that summary judgment motion. The district court's order does not indicate the creation or recognition of a water right.

**{12}** Throughout Defendants' motions at trial and in briefing, they place an emphasis on water rights in determining ditch easements, stating in their proposed findings of fact and conclusions of law that "[t]he [t]hreshold issue in a determination of whether a prescriptive easement for purposes of irrigation exists is whether the property which is sought to be irrigated . . . possesses water rights to begin with." Water rights and ditch easements are distinct matters of law, each with different sources and rules. *See Olson v. H&B Props., Inc.*, 1994-NMSC-100, ¶ 10, 118 N.M. 495, 882 P.2d 536. Defendants failed to plead and establish at trial that the district court's order and the limited license impacted Defendants' right to use the water, as opposed to addressing the easement, "[t]he right of way for water to flow through the irrigation ditch." *Id.* ¶ 11. We, therefore,

are unpersuaded by Defendants' argument as to a lack of water rights and find no error in the district court's judgment.

**Issue Eleven**

**{13}** Defendants' eleventh issue asserts that Plaintiff Gallegos's agreement with BNSF Railway constitutes a taking of Defendant Tow's property. Defendants contend that such taking occurred when the district court found there was an easement. Defendants cite the relevant text of the Fifth Amendment to the United States Constitution: "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. However, Defendants do not explain how the creation of a private easement by Plaintiffs—or the district court's subsequent recognition thereof—constitutes a taking "for public use." We are unpersuaded by Defendants' takings argument and find no error in the district court's judgment.

**Issue Twelve**

**{14}** Defendants' final issue asserts that the district court's acceptance of a licensing agreement between Plaintiff Gallegos and BNSF Railway eliminates Defendants' water rights and impinges on the jurisdiction of the New Mexico State Engineer and the Middle Rio Grande Conservancy District. Defendants suggest that the agreement gave away water rights under the jurisdiction of state agencies. We reiterate that this case contemplates recognition of an easement—a real property right, not a usage water right—from initial complaint. Nothing about the district court's judgment indicates the creation or recognition of a water right. We are unpersuaded by Defendants' argument in this regard and find no error in the district court's judgment.

**CONCLUSION**

**{15}** For the above reasons, we affirm.

**{16} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**